Charles Harasty, t/d/b/a Harasty Coal Company, Appellant *v.* Borough of West Brownsville, a municipal corporation, Appellee.

Argued December 6, 1979, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*David S. Posner,* for appellant.

*Grayce R. Kovacs,* with her *D. Keith Melenyzer,* for appellee.

OPINION BY JUDGE BLATT, March 21, 1980:

Charles Harasty (appellant) appeals here from an order of the Court of Common Pleas of Washington County which affirmed its decree nisi dismissing his case against the Borough of West Brownsville (Borough).

The appellant brought an equity action seeking to enjoin enforcement of the Borough's vehicle-weight-limit ordinance, which restricts the gross weight of any vehicle operated on Borough streets to 16,000 pounds or 8 tons. He asserted that the ordinance was invalid and was being applied in a discriminatory manner against him so as to prevent the lawful use of land owned by him in the Borough. A hearing was held at which he was the only witness, and when he rested his case, after giving his testimony, the Borough then moved to dismiss, arguing that he had not proved his allegations. The trial judge granted the motion to dismiss and later issued an opinion to which the appellant took exceptions.[1] An en banc court dismissed the exceptions, and this appeal followed.

In essence, the appellant is appealing from the refusal to take off a compusory nonsuit entered under Pa. R.C.P. No. 1512. And, as our Supreme Court has held,

> We are therefore guided by the principles that a nonsuit should be entered only in a clear case, and, on appeal from the refusal to take off a compulsory nonsuit, the plaintiff must be given the benefit of all favorable testimony and every

---

[1] Technically, exceptions to a compulsory nonsuit are improper because the nonsuit is a final decree. *See* Goodrich-Amram 2d §1512:1 (1977).

reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of plaintiff.

*Schwartz v. Urban Redevelopment Authority,* 411 Pa. 530, 533, 192 A.2d 371, 372 (1963). We must look, then, to the appellant's testimony.

The appellant testified that he had leased (with an option to purchase) a parcel of land located in the Borough and along the Monongahela River. His lease was obtained in February 1978, at which time the property was crossed by two unopened and overgrown public streets, Goodloe Street and Axton Alley. He thought that Axton Alley had been conveyed to his predecessor in interest, but he was aware that Goodloe Street belonged to the Borough. The property had been used in the 1940's as a sand and gravel plant, and much of the old equipment and facilities remained on it, but the plant had apparently been abandoned for some time. Being a strip-mine operator, the appellant had acquired the land for use as an operating base and for the storing of some of his heavy equipment.

On March 26, 1978, the appellant was visited by the mayor of the Borough, who informed him of the Borough's vehicle-weight-limit ordinance and warned him that Axton Alley belonged to the Borough and that he should not cut or bulldoze any of the trees located thereon. That same day, the streets around the appellant's property were posted with signs indicating the weight restriction.

On May 20, 1978, according to the appellant's testimony, he drove a tractor-trailer carrying a high-lift loader through the Borough to his property and was cited by the chief of police for violating the ordinance about which the mayor had warned him. On June 9, 1978, a criminal complaint was filed against him by the Borough police, charging him with criminal trespass for cutting and bulldozing trees on Axton Alley

and Goodloe Street. This charge, however, was later dropped. There were also two other allegedly unjustified incidents about which the appellant testified: one in which his nephew was cited by the Borough for driving a bulldozer onto a paved portion of Goodloe Street and damaging the street surface, after which the appellant paid a fine while insisting that the damage was minimal, and the other in which the chief of police reported the appellant to the Department of Environmental Resources (DER) for burning a fire on his property, although he said that the chief had previously given him permission. In the latter incident, however, the appellant admitted on cross-examination that the chief had given him permission only to burn tree stumps, but that he had thrown rubber tires onto the fire and "it kind of went out of control." When he was cited by the DER for burning the tires, he pleaded guilty and paid a fine. He also introduced pictures of trucks which, he testified, were located on property approximately one-half mile from his, and which he concluded were allowed to be operated within the Borough although he estimated that each would weigh over eight tons. On cross-examination as to the weight of the trucks, however, he professed his inability even to estimate the weight of his own vehicle which he was driving when cited for violating the weight limit.

Weight restrictions on municipal streets are permitted under Section 4902(a) of the Vehicle Code, 75 Pa. C.S. §4902(a):

(a) General rule.—The department and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge whenever the highway or bridge, by reason of deterioration or rain, snow or other climatic conditions, may

be damaged or destroyed unless the use of vehicles is prohibited or the permissible weights reduced.

The Borough's ordinance, enacted in 1957, expressly refers to the deteriorating condition of Borough streets because of climatic conditions, and the appellant does not seriously contest the facial validity of the ordinance. He does argue, however, that its enforcement should be enjoined because (1) the Borough, prior to his acquisition of the property, had not posted its weight limitations as required by Section 4902(d) of the Vehicle Code, 75 Pa. C.S. §4902(d),[2] and its own ordinance, and (2) the ordinance is being enforced against him in a discriminatory manner in order to prevent the rightful use of his land.

As to the posting of weight restrictions, unless a municipality properly posts such restrictions prescribed by its ordinance, it may not enforce them, for to do so would be unfair to motorists, especially transients, who have no knowledge of the restrictions. However, a municipality which has been dilatory in posting such restrictions, is not forever barred from beginning to enforce them. On the contrary, we believe that, once a municipality has posted such restrictions, it may then enforce them prospectively, as the Borough has done here. As our Supreme Court has said:

' "The validity of the ordinance does not usually depend on a completely successful enforcement

---

[2] Section 4902(d) of the Vehicle Code provides as follows:

(d) Erection of signs.—The department and the local authorities shall erect or cause to be erected and maintained signs designating the restrictions at each end of that portion of any highway or bridge restricted as provided in subsections (a) and (c). The restrictions shall not be effective unless signs are erected and maintained in accordance with this subsection.

of its provisions, nor can one who violates it be discharged, merely because it is shown that there are other violators who have not been convicted, or that those whose duty it is to perform the duties required by it have fallen short, through inattention or intentional omission or neglect.'' '

*Township of Ridley v. Pronesti,* 431 Pa. 34, 39, 244 A.2d 719, 721 (1968).

As to discriminatory enforcement, we do not believe that the record supports the appellant's claims. He asserts that the Borough posted only the access roads to his property and that overweight trucks were allowed to operate on streets of the Borough one-half mile away from his land. The map of the appellant's property, which was introduced into evidence, identifies only two of the streets which he testified were posted, Middle and Goodloe, as adjoining or providing access to his property, and yet he testified himself that there were signs at two other places as well. Main Street, which he testified was not posted, may be under the jurisdiction of the Borough or of the Commonwealth and the record fails to disclose which had jurisdiction, yet under both the Vehicle Code and the ordinance, the Borough's authority to impose restrictions extends only to Borough streets and does not include state highways. Moreover, although the appellant testified that trucks which he believed to weigh over eight tons operated one-half mile from his land, he had to admit that he could not even estimate the weight of his own vehicle, or tell whether it weighed over or under eight tons. In addition, there was no showing that the allegedly overweight trucks operated by others were operated within the Borough or on Borough streets as opposed to state highways. He produced no evidence the Borough was, or had any

reason to be, hostile to his proposed use of the land, and it appears from his own testimony that the various charges brought against him, which he alleges were harassment, were in fact justified.

The discriminatory enforcement of an ordinance is, of course, constitutionally impermissible, see *Commonwealth v. Lewis*, 443 Pa. 305, 279 A.2d 26 (1971), but we do not believe that the appellant's evidence here established a case of discriminatory enforcement, *Township of Ridley v. Pronesti, supra,* or was sufficient to shift to the Borough the burden of demonstrating that its actions were not discriminatory. Nor do we believe, as the appellant argues, that the Borough must issue him a permit to exceed the weight restriction if he posts a bond to cover the cost of any damages to Borough streets. The issuance of such a permit under Section 4902(b) of the Vehicle Code, 75 Pa. C.S. §4902(b), is, as the trial court ruled, a discretionary matter and is intended to provide for the occasional, necessary movement of overweight vehicles, not for the continual operation of overweight vehicles.

We do not believe therefore that the trial court erred in entering a compulsory nonsuit against the appellant, and its order will be affirmed.

## Order

And Now, this 21st day of March, 1980, the order of the Court of Common Pleas of Washington County in the above-captioned matter, dismissing the exceptions to its decree nisi and entering final judgment thereon, is hereby affirmed.

President Judge Bowman did not participate in the decision in this case.

Judge DiSalle did not participate in the decision in this case.