419 A.2d 1330

Ella Mae LEHNIG, Executrix of the Estate of Alfred H. Lehnig, deceased and Glasgow, Inc., Appellants,

v.

Howard FELTON, C. E. Karns, Jr., Albert Santucci, Van Harris, Peter Sweady, Bruno Spotti, and Paul Martin.

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed May 16, 1980.

John F. Ploeger, Pittsburgh, for Lehnig, appellant.

Stephen P. McCloskey, Washington, for Glasgow, appellant.

Richard J. Mills, Pittsburgh, for appellees.

Before PRICE, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

This is an appeal from the Order of the Court of Common Pleas of Washington County granting summary judgment in favor of appellees. The procedural history and facts relevant to the issues on appeal are as follows:

Appellants, Ella Mae Lehnig, administratrix of the estate of Alfred H. Lehnig, and Glasgow, Inc., decedent's employer, brought an action in trespass against appellees, seven employees of the Pennsylvania Department of Transportation. Decedent, a truckdriver, was killed and his employer's truck destroyed when it struck a deteriorated portion of a public highway. Decedent lost control of the truck and it plunged through a guardrail and over an enbankment. Appellants alleged that the roadway had been dangerously deteriorated for a substantial period of time, that inspection would have revealed that fact, and that the accident was caused by

appellees' negligent failure to inspect and repair the road, or to warn the public of its dangerous condition. The Commonwealth of Pennsylvania was not a party to the law suit. The Court of Common Pleas of Washington County granted summary judgment in favor of appellees on the ground that as public employees, they were immune from liability for ordinary negligence in the performance of their official functions. On appeal, we affirmed, and our Supreme Court granted allocatur. The Supreme Court remanded for proceedings consistent with *Dubree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978). The Court en banc after argument and upon consideration of the principles set forth in *Dubree*, sustained the granting of summary judgment in favor of all appellees. Appellants then filed this timely appeal.

Appellants contend the Washington County Court of Common Pleas erred in applying the principles enunciated in *Dubree v. Commonwealth of Pennsylvania*, supra.

The Supreme Court stated in *Dubree*, supra:

"In order to discharge his duties effectively, a public servant must be free to exercise his judgment unhampered by the fear of unpredictable liability. Where the nature of the servant's decision or action in question is such that it may not be measured against a predictable standard of care, the possibility of litigation may tend to discourage the making of clear choices. It is in the public interest to avoid such a chilling effect upon the servant's performance of his duties. Where, on the other hand, a standard of care may be defined and applied with relative ease, the public servant is not similarly deterred and the public interest in the protection of the official weakens. Also relevant to the strength of the public interest is the potential impact of the challenged decision or action upon the public as a whole or upon a large segment of it. The greater or more pervasive this impact, the stronger becomes the public interest in insuring unfettered decision-making."

The Supreme Court further stated:

"Consistent with the interest in unimpaired decision-making, we believe it appropriate to protect from the

possibility of suit a public servant who has not himself engaged in actionable conduct. Thus, those in the 'chain of command' should not be subject to suit on any theory of vicarious responsibility . . . If a public servant engages in actionable conduct in the performance of his duties, only he and the Commonwealth, his ultimate employer, are subject to suit."

■ We note that the appellees are administrators. There are no allegations of direct conduct on their part. In view of the ruling of our Supreme Court, we hold that appellees should not be subject to suit because they are merely in the "chain of command."

Furthermore, at a time when those responsible for the maintenance of state highways have been in a position where important economic decisions had to be made as to what areas needing repairs should and had to have priority, it is of utmost importance that they be able to engage in unfettered decision making. As indicated by our Supreme Court, to challenge such a decision would result in a totally devastating impact upon the public.

Appellants further contend the provisions of Act 152 of September 28, 1978, should not apply retrospectively. In that regard 42 Pa.C.S.A. § 5110(a)(5) (Act 152) provides:

"(5) Potholes and other dangerous conditions.–Damages, other than property damages, caused by a dangerous condition of highways under the jurisdiction of Commonwealth agencies created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of damage which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

Section 5 of Act 152, September 28, 1978, P.L. 788, further provides as follows:

Section 5. Construction and Application

"In applying this Act: An action which accrued prior to the effective date of this Act but which is barred by 42 Pa.C.S.A. 5110 and is not within the exceptions contained therein, shall continue to be barred, and sovereign immunity shall continue as a defense, unless the action, would not have been barred, and sovereign immunity would not have been a defense to it, by the applicable statutory and decisional law as it existed on July 13, 1978." [1]

Furthermore, 42 Pa.C.S.A. § 5111(b)(5) in clarifying the types of damage recoverable against the Commonwealth and its employees acting within the scope of their employment states: "Property losses, except property losses shall not be recoverable in claims brought pursuant to Section 5110(a)(5)."

The statutory language thus indicates a clear intention as to the disposition of actions which were barred because of sovereign immunity prior to July 13, 1978. Rather than applying standards, retrospectively, it provides for relief in some instances where sovereign immunity was an absolute defense and which occurred before its enactment if the requirements of Act 152 can be fulfilled, thereby breathing new life into some previously barred lawsuits. Act 152 does not act as a bar to previously valid suits against the Commonwealth. Since it is clear that the instant action was barred by the doctrine of sovereign immunity prior to July 13, 1978, the only issue remaining is whether this case comes within any of the exceptions in Act 152.

Appellant Glasgow's claim is for property damage to its vehicle occasioned in the accident and is clearly barred by 42 Pa.C.S.A. § 5111(b)(5), supra, since it is an action brought pursuant to Section 5110(a)(5) (pertaining to defective roadways) and is for property damage alone.

Appellant Ella Mae Lehnig's claim also is outside the exceptions provided in the Act due to the fact that she failed

1. July 13, 1978 is prior to *Mayle v. Pennsylvania Dept. of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), which abrogated the doctrine of sovereign immunity and whose mandates were later codified by the enactment of Act 152.

to aver that the Commonwealth Agency had actual written notice of the dangerous condition of the highway.

Accordingly, the Order of the Court of Common Pleas of Washington County granting summary judgment is affirmed.

CAVANAUGH, J., files a concurring opinion.

CAVANAUGH, Judge, concurring:

I concur with the majority's view that the defendants are immune from liability under the principles of *Dubree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978). I concur rather than join the majority, however, because I think the discussion about 42 Pa.C.S.A. § 5110(a)(5) (limited waiver of sovereign immunity) and 42 Pa.C.S.A. § 5111(b)(5) (limitations on damages) is unnecessary. Those subsections determine whether or not, and the extent to which, sovereign immunity is a defense. Sovereign immunity is a defense which insulates the Commonwealth or its agencies from liability. *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 386, 388 A.2d 709, 710 (1978). In the instant case employees of a Commonwealth agency, not the Commonwealth or its agency, are defendants. Thus, sovereign immunity does not apply. Nevertheless, official immunity, as enunciated in *Dubree*, does apply and bars the instant action.