Sister Pauline Stevens, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Wesley B. Combs *v.* Roman Catholic Diocese of Pittsburgh, Benedictine Sisters of Pittsburgh and Rosemary A. Stevens, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued March 11, 1985, before Judges MacPhail and Blatt and Senior Judge Barbieri, sitting as a panel of three.

*Louis C. Long,* with him, *P. Brennan Hart, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellants.

*Frank J. Micale,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and

*LeRoy S. Zimmerman,* Attorney General, for appellees.

Opinion by Senior Judge Barbieri, May 17, 1985:

Sister Pauline Stevens (Rosemary A. Stevens), the Roman Catholic Diocese of Pittsburgh, and the Benedictine Sisters of Pittsburgh (hereinafter referred to collectively as Appellants) appeal here an order of the Court of Common Pleas of Allegheny County which granted motion of the Pennsylvania Department of Transportation (PennDOT) for a compulsory nonsuit as to it at the close of Appellants' evidence at trial.[1]

The claims against PennDOT arose out of a vehicle accident which occurred on U.S. Route 22 in Westmoreland County on March 3, 1979, when Sister Stevens, operating a 1976 Dodge owned by the Benedictine Sisters, traveling in an easterly direction on Route 22, lost control of the vehicle which swerved into the oncoming lane of traffic and collided with a 1976 Volkswagen operated by one Wesley B. Combs which was headed in a westerly direction. Sister Stevens contends that she lost control of her vehicle after it had struck a large pothole which existed in the roadway.

Combs brought suit against the Diocese, the Benedictine Sisters and Sister Stevens for injuries he received as a result of the accident. The defendants in that suit joined PennDOT as an additional defendant contending that PennDOT's alleged negligent maintenance of the roadway was the primary cause of the accident. Sister Stevens sued PennDOT for injuries

---

[1] In the two suits appealed here, consolidated for trial, Sister Pauline Stevens is the named plaintiff in her suit against PennDOT and she is named, Rosemary A. Stevens, as co-defendant with the Diocese and the Benedictine Sisters in a separate suit by Wesley B. Combs, in which PennDOT is joined as an additional defendant.

which she received as a result of the accident. The two cases were consolidated for trial. Shortly before trial, Combs settled with the appellants and the trial was solely between appellants and PennDOT.[2]

PennDOT, having raised the defense of sovereign immunity in its pleadings, moved at the close of Appellants' evidence, for a compulsory nonsuit, which motion was granted by the common pleas court, which held that Appellants failed to present sufficient evidence that they came within one of the eight exceptions to sovereign immunity set forth in Section 8522 of the Judicial Code, 42 Pa. C. S. §8522. Appellants moved to remove the nonsuit. When the common pleas court denied Appellants' motion to remove the compulsory nonsuit, timely appeals were taken to this Court.[3]

The sole issue presented by Appellants in this appeal is whether there was sufficient evidence presented to establish the kind of notice to PennDOT of the allegedly dangerous condition caused by the pothole as to meet the statutory proof requirements for an exception to the sovereign immunity defense. We are aware, of course, that in reviewing a compulsory nonsuit, the plaintiffs are to be given the benefit of all favorable testimony and every favorable inference of fact arising therefrom; and all conflicts in the evidence are to be resolved in the plaintiffs' favor. *Finnin v. Neubert*, 378 Pa. 40, 41-42, 105 A.2d 77 (1954); *Marlowe v. Lehigh Township*, 64 Pa. Commonwealth Ct. 587, 441 A.2d 497 (1982). A compulsory nonsuit should be upheld only where it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with

---

[2] Combs' settlement with Appellants left in that case only the Appellants' claim against PennDOT for contribution.

[3] Actually two motions were denied: that of the original defendants in the Combs case and that of Sister Stevens as plaintiff in her case.

the relevant governing principles of law, after viewing the evidence in a light most favorable to the plaintiff, could determine the controlling issue in plaintiff's favor. *Sargeant v. Ayers,* 358 Pa. 393, 397, 57 A.2d 881, 883 (1948); *Harasty v. Borough of West Brownsville,* 50 Pa. Commonwealth Ct. 186, 412 A.2d 688 (1980).

It is not disputed that Appellants, to prevail, must meet the statutory exception to sovereign immunity found at Section 8522(b)(5) of the Judicial Code, 42 Pa. C. S. §8522(b)(5), which deals specifically with potholes. That exception reads as follows:

> (b) *Acts which may impose liability.*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> * * * *
>
> (5) *Potholes and other dangerous conditions.* —A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had *actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition.* Property damages shall not be recoverable under this paragraph. (Emphasis added.)

This section has been consistently interpreted by our courts as requiring a plaintiff seeking to come within

this exception to sovereign immunity to specifically plead and prove sufficient prior written notice to the Commonwealth of the allegedly dangerous condition of the highway. *Merling v. Pennsylvania Department of Transportation,* 79 Pa. Commonwealth Ct. 121, 468 A.2d 894 (1983); *Lehnig v. Felton,* 278 Pa. Superior Ct. 12, 419 A.2d 1330 (1980); *Cooper v. Commonwealth,* 21 Pa. D. & C. 3d 762 (C.P. Phila. 1982). The statute requires that a claimant prove two elements of notice in order to fall within this exception to sovereign immunity: (1) that the Commonwealth agency had actual written notice of the dangerous condition; and (2) that the actual written notice had been given sufficiently prior to the incident giving rise to plaintiff's claim so that the Commonwealth agency had a reasonable opportunity to remedy the dangerous condition.

Appellants' evidence on the issue of prior written notice consisted solely of the testimony of a Pennsylvania State Police Trooper, two former PennDOT maintenance superintendents, and a PennDOT maintenance foreman. The record indicates that each of the witnesses was extensively questioned by Appellants' counsel regarding the procedure for notifying PennDOT of dangerous conditions and whether in fact PennDOT was aware of the pothole in question. None of the witnesses testified that PennDOT was aware of the existence of the pothole on U.S. Route 22 prior to the March 3, 1979 accident. The evidence did show that PennDOT repaired the pothole within four or five days of the accident and that the pothole was located within a mile and a half of PennDOT's local maintenance shed. Viewing such evidence in a light most favorable to the appellants, we are unable to conclude that a reasonable person would have been able to resolve the issue of charging PennDOT with actual advance written notice of the existence of the pothole so

as to come within the exception to sovereign immunity outlined in 42 Pa. C. S. §8522(b)(5).

Appellants, however, argue that the evidence presented by them established that PennDOT did not preserve the telephone logs or message slips upon which notice of the dangerous condition *could have* been recorded. Appellants also argue that the fact that the pothole was located only a short distance from a PennDOT maintenance shed and was repaired within four or five days of the accident raises an inference that PennDOT had actual notice of the dangerous condition prior to the accident. Such an inference, Appellants contend, shifts the burden of providing actual written notice from Appellants to PennDOT which must prove lack of such actual notice. We disagree.

The requirements of the statute are clearly written and create a very narrow exception to the defense of sovereign immunity for damages caused by potholes. The statute clearly requires the ''claimant to recover must establish'' that the applicable Commonwealth agency, here PennDOT, had actual written notice of the dangerous condition with sufficient time in which to effect repairs. The General Assembly, in waiving the Commonwealth's immunity to suit for damages resulting from potholes, created the statutory prerequisite that the claimant show that the Commonwealth had actual written notice of the condition. As that burden is placed squarely upon claimants, we are not empowered to alter the clear wording of the statute under the pretext of searching out some unexpressed legislative intent. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b); *Shestock v. General Braddock School District*, 63 Pa. Commonwealth Ct. 204, 437 A.2d 1059 (1981). We hold, therefore, that the burden of satisfying the prior written notice requirement of 42 Pa. C. S. §8522(b)(5) remained solely with Appellants, and that the trial

court did not err in ruling that Appellants failed to meet their burden of proving the statutory notice in their claims against PennDOT as required to avoid the bar of sovereign immunity. Accordingly, the order of the common pleas court which denied Appellants' motion to remove the compulsory nonsuit will be affirmed.

### ORDER

Now, May 17, 1985, the Orders of the Court of Common Pleas of Allegheny County at Docket No. 81-3298 and No. 81-4898, dated December 6, 1983, which deny Appellants' motions to remove the compulsory nonsuit against the Pennsylvania Department of Transportation are hereby affirmed.