639 A.2d 882

**Emmanuel CANIZARES and Evelyn Canizares, Husband and Wife, Appellants,**

**v.**

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1994.

Decided March 10, 1994.

Joseph Lurie, for appellants.

Angelo L. Scaricamazza, Jr., for appellee.

Before CRAIG, President Judge, NEWMAN, J., and LORD, Senior Judge.

NEWMAN, Judge.

Appellants, Emmanuel and Evelyn Canizares, appeal from an Order of the Court of Common Pleas of Philadelphia County denying their motion to remove a judgment of compulsory non-suit. Appellee, the City of Philadelphia (City), successfully moved for a compulsory non-suit at the close of Appellants' case in chief, maintaining that it was immune from suit pursuant to 42 Pa.C.S. § 8541 since Appellants were unable to state a cause of action that fell within any exception to governmental immunity as set forth at 42 Pa.C.S. § 8542. We affirm.

Emmanuel Canizares (Mr. Canizares), a union carpenter for twenty-four (24) years, was an employee of Curtis Bedwell, Inc. (Contractor) which had been awarded a construction contract by the City to erect eight (8) sedimentation tanks at its Northeast Water Treatment Plant. On May 12, 1983, while working on the last of these unfilled tanks, Mr. Canizares fell eighteen (18) feet when he placed his left foot on a plank that had been used as a walkway to traverse between

the troughs.[1] Unfortunately, there was no form of "fall protection" in place to prevent Mr. Canizares' resultant injuries.

On June 22, 1984, Appellants brought suit against the City, alleging, *inter alia*, negligence on its part.[2] Before trial, the City filed an unsuccessful Motion for Judgment on the Pleadings which was followed by an unsuccessful Motion for Summary Judgment. Both motions raised the defense of governmental immunity. A jury trial began on February 4, 1992. After the close of Appellants' case in chief, the City successfully moved for a compulsory non-suit. Appellants then filed a motion to remove the judgment of compulsory non-suit which was subsequently denied by the trial court. Hence, the present appeal.

The issue we are presently asked to address is whether the trial court properly denied Appellants' motion to remove the judgment of compulsory non-suit on the basis that the City was immune from suit.

It is well established that on appeal a compulsory non-suit should be reversed where it is not clear from the evidence presented that it would be inconceivable, on any reasonable hypothesis under governing principles of law, that reasonable jurors could reach a determination favorable to the appealing party. *Stevens v. Commonwealth, Department of Transportation*, 89 Pa.Commonwealth Ct. 309, 312–313, 492 A.2d 490, 492 (1985). Furthermore, the appellate court must when reviewing a compulsory nonsuit, view all of the evidence in the light most favorable to the appealing party, and must resolve all conflicts in the evidence in that party's favor. *Id.*

Appellants' detailed argument is as follows. Appellants initially assert that the City maintained control over the entire

1. Troughs are integral parts of the water purification process. Essentially, when finished the troughs' purpose would be to divert water after sedimentation.

2. Appellants' complaint also contained two additional counts. The first of these counts was brought by Mrs. Canizares for loss of consortium. The last of these counts requested punitive damages in the event the City was deemed to have acted with reckless disregard for the safety of Mr. Canizares.

construction project since the following facts were established at trial:

a. The City owned the property and the fixtures.

b. The City had at least two or three inspectors at the job site in addition to the project engineer at the site.

c. The City controlled all access and egress to and from the site.

d. The City controlled the order of the construction.

e. The City controlled the manner of construction and could order contractors to change their methods if it determined that improper methods were being used.

f. The City could order a contractor to stop work because it determined that the work was being done in an unsafe fashion.

g. The City could stop work entirely because of a dangerous condition at the work site.

Appellants next claim that since the City allegedly controlled the construction project, it was negligent pursuant to Section 414 of the Restatement (Second) of Torts which provides:

One who entrusts work to an independent contractor, but who retains the control over any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

Finally, Appellants contend that the City should not have been permitted to advance successfully the defense of governmental immunity since the present matter falls under the real property exception to that immunity as set forth at 42 Pa.C.S. § 8542(b)(3).[3] Specifically, Appellants assert that the lack of "fall protection" constituted a defect in real property.

3. This section provides as follows:

(b) ACTS WHICH MAY IMPOSE LIABILITY.—the following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

The City maintains that Appellants failed, as a matter of law, to state a cause of action. The City specifically contends that Appellants failed to present evidence that any of its employees caused or created the alleged dangerous and/or defective condition, namely the placing of the plank across the troughs. In line with this, the City submits that no evidence was ever advanced suggesting that any of its employees participated in the construction of the troughs, or had the legal duty to install or erect a safety net or scaffold. In brief, the City argues that any alleged dangerous and/or defective condition was caused by the act of a third party, namely Contractor. In the alternative, the City also maintains that the trial court properly held that "[t]he lack of 'fall protection' was not realty and, therefore, the real estate exception would not be applicable in this case." Trial Court Opinion at 9.

■ To establish liability in light of governmental immunity, Appellants were required to establish each of the following at trial:

(1) that the City would have been liable under common law or statute for Mr. Canizares' injuries;

(2) that Mr. Canizares' injuries were caused by the negligent acts of the City or an employee thereof acting within his or her scope of office or duties with respect to one of the categories in subsection (b) of 42 Pa.C.S. § 8542; and,

(3) that Mr. Canizares' injuries were the result of an artifi-

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. A (sic) used in this paragraph, "real property" shall not include:
(i) trees, traffic signs, lights and other traffic controls street lights and street lighting systems;
(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
(iii) streets; or
(iv) sidewalks.
42 P.S. § 8542(b)(3).

cial condition or defect of the property.[4]

*See Maloney v. City of Philadelphia,* 111 Pa.Commonwealth Ct. 634, 535 A.2d 209 (1987), *Petition for Allowance of Appeal Denied,* 519 Pa. 669, 548 A.2d 258 (1988); *See also Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). Our review of the record reveals that Appellants have failed to establish the second and third aforementioned requirements, each of which would support a conclusion that the City is immune from suit in the present case.

## CITY'S ALLEGED NEGLIGENCE

█ Appellants specifically maintain that the City violated Section 414 of the Restatement (Second) of Torts by not providing some type of "fall protection" that would have significantly minimized Mr. Canizares' injuries. According to Appellants, this dangerous situation was known to the City. There was testimony given by Mr. Canizares' brother, who worked at the same site, during trial that the City inspector at the project was aware of the dangerous condition since he, himself, occasionally used the planks as a walkway during his occasional visits to the tank (Notes of Testimony (N.T.), February 4, 1992 at 120). A review of relevant legal authority conclusively demonstrates that Appellants failed during trial to establish that the alleged negligence was attributable to the City.

In *Maloney, supra,* plaintiff, an employee of an independent contractor, brought suit against the City of Philadelphia (the city) for failure to insure that its employer properly erected scaffolding that was being used to erect tanks. Plaintiff was injured after he fell from an improperly secured stringer when the scaffolding that he was climbing twisted. The jury concluded that the city was 90% negligent for plaintiff's injuries. However, the trial court granted the city's motion for a new trial, but denied its motion for Judgment Notwithstanding the Verdict. The Commonwealth Court reversed, and held that

---

**4.** Neither party raises an issue with respect to the first requirement. Both agree that absent governmental immunity the City would be liable to Appellants.

the trial court should have issued a Judgement Notwithstanding the Verdict since the city was immune from suit.

The plaintiff in *Maloney* had alleged that the city was negligent for, among things, not providing appropriate safety precautions and procedures on the job site since it knew or should have known that a peculiar risk of harm to others would arise during the progress of the work. As in the instant case, the plaintiff in *Maloney* tried to establish liability on the basis of Restatement (Second) of Torts Section 414.[5] The Court held that plaintiff's contentions brought the suit under the Pennsylvania Supreme Court's holding in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987) in which our Supreme Court stated:

> Acts of local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit. Acts of *others*, however, are specifically excluded in the general immunity section (42 P.S. § 8541), and are nowhere discussed in the eight exceptions. On this basis alone, we must conclude that any harm that others caused may not be imputed to the local agency or its employees.

*Id.* at 362, 523 A.2d at 1124 (Emphasis in original). Since the plaintiff's injuries were the result of the contractor's actions, plaintiff could not impute these actions to the city, and the Court held that the trial court should have issued the JNOV.

This Court's decision in *Maloney* was further defined by its decision in *Hawkins v. City of Harrisburg*, 120 Pa.Commonwealth Ct. 369, 548 A.2d 399 (1988). In that case, plaintiff, an employee of an independent contractor working on a City of Harrisburg (the city) project, was injured when he fell from scaffolding. Plaintiff brought suit against, *inter alia*, the city, alleging that it knew that the scaffolding was improperly erected and also that it was negligent in failing to exercise control to avoid or correct the improper erection.

5. In *Maloney*, the city also tried to establish liability on the basis of other sections of the Restatement, namely, §§ 416, 427.

The trial court sustained the city's preliminary objections, concluding that it was immune to suit pursuant to 42 Pa.C.S. § 8542. This Court affirmed, determining that even if the scaffolding was real property, and the city was negligent in its alleged control over the construction project, it could not be held liable for plaintiff's injury since the injury was caused by the act of others. *Id.* at 373, 548 A.2d at 401–402.

In the instant case, Appellants were required to establish that the lack of any "fall protection" was negligence caused by the City, and not by the act of others. However, during trial, Appellants' own safety expert, Vincent Gallagher, testified that if the Occupational Safety Health Administration (OSHA) had inspected the construction premises, any citation for lack of "fall protection" would have been issued to Contractor. The relevant testimony is as follows:

Q. ... If they [OSHA] were to say that [Mr. Canizares], what he was doing was a violation, who would OSHA have issued the citation for what [Mr. Canizares] was doing to?

A. In 1983 they would issue it to Bedwell.

Q. Am I correct that all the violations you have that Mr. Lurie [Appellant's attorney] showed you and which have been marked as P–2 were all issued to [Contractor]?

A. Yes, sir.

(N.T., February 4, 1992 at 109–110).

Given this testimony, Appellants have failed to establish that the negligence resulted from an act of the City or one of its employees. Furthermore in support of this conclusion, it must be noted that in the negotiated contract setting forth the relevant duties and obligations in the construction project between Contractor and the City, it is clear that Contractor bears the responsibility for the safety of its workers.[6]

6. The relevant safety language within the contract was contained in Section 59 which provides in pertinent part:

59. **Safety and Sanitary Provisions**—The Contractor shall provide means and appliances and shall enforce suitable rules for the safe prosecution of the work and for the safety and health of the men employed on it.... (Emphasis in Original)

Appellants attempt to avoid this result, by arguing that the City was jointly and severally liable with Contractor for Mr. Canizares' injuries since his damages were a result of the City's independent negligence which was a substantial factor in causing the injuries. This argument is premised on a Supreme Court case that has further defined *Mascaro's* holding, *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992).

In *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), our Supreme Court stated that a ". . . governmental unit may be subject to liability despite the presence of an additional tortfeasor if the governmental unit's actions would be sufficient to preclude it from obtaining indemnity from another for injuries rendered to a third person." *Id.* at 412–413, 613 A.2d at 1184. The Court proceeded to explain that "[t]his assumes, of course, that the specific facts fall squarely within one of the exceptions. Alternatively, if the claim against the governmental unit is dependent merely upon the unit's status, as opposed to the action fitting within one of the statutory exceptions, then the language of Section 8541 would preclude liability." *Id.* at 413, 613 A.2d at 1184.

This Court, speaking through Judge Pellegrini, has interpreted the Supreme Court's holding in *Crowell* to mean that:

> . . . if the third party engages in noncriminal negligent conduct, a governmental unit can only be held liable *if there is 'active fault on its part', i.e., the government act must be one of commission rather than omission.* Otherwise, the negligent act of the third party will be considered an intervening superseding cause.

*Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 581, 621 A.2d 1197, 1203 (1993) *reh'g denied* (filed April 21, 1993) (emphasis supplied).

In *Powell*, this Court specifically noted in footnote 17 that the Supreme Court in *Crowell* cited with approval the Commonwealth Court's decision in *Maloney, supra*, where the city was held not liable for, *inter alia*, the supervision of the

erection of temporary scaffolding by third parties. *Powell* at 581, 621 A.2d at 1203.

In the instant case, Appellants assert that the City's negligence was predicated on its failure to have "fall protection." This is clearly an omission, and therefore, according to *Powell,* does not afford Appellants with any relief. Consequently, Appellants' contentions in this regard must be rejected.

## INJURY CAUSED BY ARTIFICIAL CONDITION OR DEFECT OF REAL PROPERTY

■ In *Snyder, supra,* our Supreme Court addressed the real property exception, and concluded that:

> [W]e have found that the real estate exception to the rule of immunity under this section can be applied only to those cases *where it is alleged that the artificial condition or defect of the land causes injury, not merely when it facilitates injury....*

*Snyder,* 522 Pa. at 434, 562 A.2d at 312. (Emphasis added).

In order to satisfy this requirement, Appellants contend that Mr. Canizares fell from the trough which was real property, and the City was negligent in not providing some type of "fall protection". Appellants have failed to display how the lack of "fall protection" constituted an artificial condition or defect of the real property. Consequently, in this regard, the trial court, in its opinion, appropriately stated:

> The lack of fall protection is not realty and, therefore, the real estate exception would not be applicable in this case. It would have only facilitated [Mr. Canizares'] injury. This being the case, the City would be immune from liability. *Mascaro, Hawkins.*

Trial Court Opinion, at 9.

Moreover, Appellants have not shown any "defect in the trough itself that caused Mr. Canizares' injuries." Trial Court Opinion, at 9. Since Appellants have failed to demonstrate that an artificial condition or defect of the real property caused Mr. Canizares' injuries, their arguments in this regard must be rejected.

## CONCLUSION

As a matter of law, we conclude that the facts of this case fail to bring it within the real property exception to local government immunity as set forth at 42 Pa.C.S. § 8542(b)(3). Therefore, the trial court properly refused to remove the judgment of compulsory non-suit entered against Appellants.

Accordingly, the Order of the trial court denying Appellants' motion to remove the judgment of compulsory non-suit is affirmed.

## *ORDER*

AND NOW, this 10th day of March, 1994, the order of the Court of Common Pleas of Philadelphia refusing to remove the judgment of compulsory non-suit is affirmed.

LORD, Senior Judge, concurs in the result only.