**Detweiler v. Commonwealth**

C.P. of Monroe County, No. 972 CIVIL 2010

*Leo P. Jackson*, for plaintiff.
*John W. Stahl*, for defendant.

WILLIAMSON, *J.*, May 22, 2015—This matter comes before us on an Amended Motion for Summary Judgment filed by the Commonwealth of Pennsylvania, Department of Transportation (hereafter "Defendant") on March 9, 2015. David G. Detweiler (hereafter "Plaintiff") filed a Brief in Opposition to Defendant's Amended Motion for Summary Judgment on April 30, 2015.

## Background

Plaintiff alleges that, on July 6, 2009, he was injured as a result of a bicycle crash when he struck a pothole on Route 447, a state designated highway. Plaintiff alleges that Defendant had actual, written notice of the condition of the roadway based upon a Travel Advisory issued by Defendant on May 15, 2009. This Travel Advisory stated that Defendant would be performing pothole patching on Creek Road between US 209 and Pike County Line in Price Township, Monroe County, starting May 20, 2009, and to be completed by May 22, 2009.

On November 19, 2013, Defendant took depositions of Plaintiff and the sole eye witness to the alleged incident, Donald Shenk. Defendant provided the Affidavit of Robert P. Mudrick, the person in charge of Defendant's maintenance and clerical employees in Monroe County at the time of the alleged incident. Mr. Mudrick has since retired from that position. Plaintiff has taken depositions of Mr. Mudrick, Lewis Morton, Stanley F. Storm, Jr., and Dale G. Evans.

According to these depositions, the work vehicles provided to Defendant's employees were equipped with spray paint, including orange paint. Defendant alleges that someone had circled the pothole in question with orange spray paint prior to the alleged incident. There has been no evidence of any pothole repairs being done on the roadway at issue until after the alleged incident.

## Argument

Defendant is arguing that they should be granted Summary Judgment against Plaintiff because the defense of sovereign immunity applies. Summary Judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary Judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa.Super. 1995).

Summary Judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v.*

*Yingling*, 700 A.2d 508, 512 (Pa.Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa.Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa.Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

Generally, the Commonwealth is immune from lawsuits for damages resulting from a negligent act because of the defense of sovereign immunity. 42 Pa.C.S.A. § 8522. However, there are certain circumstances which provide for a waiver of the defense of sovereign immunity. 42 Pa.C.S.A. § 8522 delineates these exceptions to sovereign immunity and states, in relevant part:

> (b) Acts which may impose liability. — The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> ...

(5) Potholes and other dangerous conditions. — A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

42 Pa.C.S.A. § 8522.

In their Brief in Support of Amended Motion for Summary Judgment, Defendant cites to a case from the Commonwealth Court of Pennsylvania. In *Stevens v. Com., Dep't. of Transp.*, the court held that evidence of a pothole which existed in the roadway located within a mile and a half of Pennsylvania Department of Transportation's local maintenance shed, and that the Department repaired the pothole within four or five days of the accident in question, was not sufficient to charge the Department with actual advance written notice of existence of potholes so as to come within exception to sovereign immunity. *Stevens v. Com., Dep't of Transp.*, 492 A.2d 490 (Pa. Cmwlth. 1985). The court stated that the requirements of the statute are clearly written and create a very narrow exception to the defense of sovereign immunity for damages caused by potholes. *Id.* at 493. In that case, none of the witnesses testified that the Department was aware of the existence

of the pothole prior to the accident and the court found that no reasonable person would have been able to resolve the issue of the Department having actual advance written notice of the pothole in order to satisfy the exception to sovereign immunity. *Id.*

In their respective briefs, both parties cite to another case from the Commonwealth Court of Pennsylvania. In *Walthour v. Com., Dep't of Transp.*, the court held that an exchange of letters between the Department and a Senator regarding necessary repairs on the road which contained the pothole at issue was a sufficient material factual dispute for the plaintiff to survive summary judgment based on the sovereign immunity defense. *Walthour v. Com., Dep't of Transp.*, 31 A.3d 762, 768 (Pa. Cmwlth. 2011). In that case, a State Senator had written a letter to the Department citing the specific road and city stating that the road had "fallen into disrepair" and discussed problems with patchwork repairs that needed subsequent repairs. *Id.* at 767. There was also evidence presented of a letter sent by the Department acknowledging receipt of the Senator's letter and that the Department intended to make major improvements to that section of the roadway. *Id.*

In their Brief in Opposition to Defendant's Motion for Summary Judgment, Plaintiff also cites to a case from the Commonwealth Court of Pennsylvania. In *Merling v. Com., Dep't of Transp.*, the court held that the plaintiff had met his burden of proving actual written notice by producing letters written by DOT employees acknowledging having received written complaints concerning the poor condition of the highway. *Merling v. Com., Dep't of Transp.*, 468

A.2d 894, 897 (Pa. Cmwlth. 1983). A witness in that case testified to writing the letters to the Department complaining about the poor condition of the highway in question and receiving the letters from the Department which acknowledged receipt of the complaints. *Id.* The Department did not produce the employees who wrote the letters at trial and the jury was instructed that the letters spoke for themselves. *Id.*

Here, there is no evidence of any written complaints to Defendant about the specific road in question, and there is also no evidence of Defendant acknowledging receipt of any complaints. In both *Walthour* and *Merlin*, there was evidence of letters written from the Department that acknowledged they had received complaints regarding a dangerous condition of the road at question. In those cases, the pothole exception to sovereign immunity was met because there was evidence of actual written notice to the Department and evidence of the Department acknowledging the notice by writing letters addressing the issues in response.

The facts of this case more closely resemble those found in *Stevens* because no witness has testified that Defendant had actual written notice of the dangerous condition of the pothole in question. In this case, the only evidence Plaintiff has provided suggesting Defendant had actual written notice is the Travel Advisory. In both *Walthour* and *Merlin*, the notice given to the Department mentioned dangerous conditions on specific roadways. Here, the Travel Advisory states that Defendant would be performing pothole patching on Creek Road between US 209 and Pike County Line in Price Township, Monroe

County. Pl's Br. in Opp'n to Mot. for Summ. J. Ex. B. The length of the roadway known as Creek Road covers more than twenty (20) miles and stretches through multiple townships. *Id.* Also, the location of the pothole in question is not even within the parameters mentioned in the Travel Advisory, For example, there is more than one road in Monroe County referred to as "Creek Road." Furthermore, the area mentioned in the Travel Advisory, from Route 209 through to the Pike County line in Price Township is not located in the stretch of road where Plaintiff had the accident. The "Creek Road" Plaintiff claims to have had the accident is actually State Route 447, and while Route 447 runs to the Pike County line, near where Plaintiff had the accident, the Monroe County township that borders Pike County, and where the accident occurred, is Barrett Township.[1] The Travel Advisory is not sufficient written notice of the dangerous condition of the pothole which allegedly caused Plaintiff's accident.

## Conclusion

Plaintiff has not produced evidence of any written complaints regarding that pothole in that specific area, nor is there evidence of any written acknowledgements by Defendant regarding the dangerous condition of the pothole which allegedly caused Plaintiff's accident. The only evidence Plaintiff has presented regarding actual written notice to Defendant is the Travel Advisory. This court believes that no reasonable jury could find that the

---

1. Plaintiff states in his Complaint the accident occurred on Route 447 north of Canadensis, Pennsylvania. That location is in Barrett Township as anything north of Canadensis on Route 447, and still in Monroe County is Barrett Township.

contents of the Travel Advisory are sufficient to establish the element of actual written notice required to satisfy the very narrow pothole exception to the defense of sovereign immunity. Therefore, we will grant Defendant's Amended Motion for Summary Judgment.

## ORDER

AND NOW, this 22nd day of May, 2015, upon consideration of the Amended Motion for Summary Judgment by Defendant, Defendant's Amended Motion for Summary Judgment is GRANTED.