IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyshun Warrington : 
 : 
v. : No. 359 C.D. 2017
 : Argued:  October 17, 2017
Commonwealth of Pennsylvania : 
and City of Philadelphia : 
 : 
Tyshun Warrington : 
 : 
v. : 
 : 
Commonwealth of Pennsylvania, : 
Department of Transportation : 
 : 
Appeal of:  Tyshun Warrington : 


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                  FILED: November 14, 2017


Tyshun Warrington (Plaintiff) appeals from an order of the Court of

Common Pleas of Philadelphia County (trial court) granting the Commonwealth of

Pennsylvania, Department of Transportation's (PennDOT)[1] motion for summary

---

[1] Plaintiff originally commenced a negligence action against the Commonwealth of Pennsylvania and the City of Philadelphia, but the trial court ultimately dismissed both parties prior to granting PennDOT's motion for summary judgment.  Consequently, the only remaining defendant on appeal is PennDOT.

judgment because Plaintiff failed to demonstrate that PennDOT received actual written notice of a pothole that allegedly caused her injuries, as required by the "pothole exception" to sovereign immunity, 42 Pa.C.S. § 8522(b)(5).  For the following reasons, we affirm.

## I.

On May 6, 2016, Plaintiff filed a one-count negligence complaint against PennDOT alleging that "[o]n or about September 28, 2015 at approximately 9:30 p.m., [Plaintiff], while exiting a SEPTA bus on Belmont Avenue in the City of Philadelphia, PA, fell into a deep hole located in the roadway, severely and permanently injuring herself."  (Reproduced Record (R.R.) at 52a.)  However, because Plaintiff failed to demonstrate that PennDOT received written notice in accordance with the "pothole exception" to sovereign immunity, 42 Pa.C.S. § 8522(b)(5), PennDOT moved for summary judgment.[2]

---

[2] A plaintiff seeking to come within the "pothole exception" to sovereign immunity, 42 Pa.C.S. § 8522(b)(5), must specifically plead and prove sufficient prior written notice of the allegedly dangerous condition of the roadway.  *Stevens v. Department of Transportation*, 492 A.2d 490, 493 (Pa. Cmwlth. 1985).  Additionally, the statute requires a plaintiff to establish two elements of notice in order to fall within the exception:

> (1) that the Commonwealth agency had actual written notice of the dangerous condition; and (2) that the actual written notice had been given sufficiently prior to the incident giving rise to plaintiff's claim so that the Commonwealth agency had a reasonable opportunity to remedy the situation.

*Id.* at 493.

In response to PennDOT's motion for summary judgment, Plaintiff contended that the written notice requirement of the pothole exception should not apply because "what occurred was that [Plaintiff] stepped down off the bus with her left foot and then stepped onto the brick with her right foot twisted which caused her to fall. Thus, the pothole exposed the brick but the brick was the immediate cause of the injury." (R.R. at 195a.) Contending that PennDOT received constructive notice of the exposed brick, Plaintiff asserted that the man-made hazard fell within the "real estate exception" to sovereign immunity, 42 Pa.C.S. § 8522(b)(4).

Finding that the bottom of a pothole[3] – whether a man-made substance or not – is still part of a pothole, and that Plaintiff failed to demonstrate that written notice was provided to PennDOT in accordance with 42 Pa.C.S. § 8522(b)(5), the trial court granted PennDOT's motion for summary judgment. As the trial court explained:

> [Plaintiff] offers no evidence or law for the conclusion that the bottom of the pothole at issue in this case is not a part of the pothole. [Her] contention appears to be that, if the bottom of the pothole is a man-made substance such as brick or asphalt, then that presents another dangerous condition separate from the pothole itself, and this contention is without support in Pennsylvania law. Further, [her] contention runs counter to the requirement that the waivers of sovereign immunity be read narrowly.

---

[3] As we have explained, the terms "potholes or sinkholes, as used in Section 8522(b)(5), are intended to encompass any such holes in the roadway caused by deterioration resulting from a combination of water, freezing and thawing and traffic." *Cressman v. Department of Transportation*, 538 A.2d 992, 994 (Pa. Cmwlth. 1988).

The dangerous conditions over which Appellant-Plaintiff tripped was a "condition[] created by natural elements." 42 Pa.C.S. § 8522(b)(5). There is no dispute that the surface asphalt had broken away down to brick – this is a pothole. Thus, the requirement of actual prior written notice under 42 Pa.C.S. § 8522(b)(5) applies. [Plaintiff] failed to offer evidence of actual prior written notice.

(Trial Court's 1925(a) Opinion at 12.) This appeal followed.[4]

## II.

On appeal, Plaintiff once again contends that the exposed brick revealed by the pothole constitutes a man-made hazard that is distinct from that pothole and, consequently, falls within the "real estate exception" to sovereign immunity, 42 Pa.C.S.§ 8522(b)(4). Accordingly, she contends that the trial court erred in granting summary judgment, given that PennDOT had constructive notice of the man-made hazard.

The Sovereign Immunity Act (Act) protects the Commonwealth from civil suit for tort liability unless the General Assembly specifically waives immunity. 1 Pa.C.S. § 2310.[5] *See also* 42 Pa.C.S. § 8521(a).[6] "Sovereign

_____

[4] Our review of a trial court order granting summary judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Manley v. Fitzgerald*, 997 A.2d 1235, 1238 n.2 (Pa. Cmwlth. 2010). Summary judgment may only be granted when, after examining the record in the light most favorable to the non-moving party, the record clearly demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

[5] 1 Pa.C.S. § 2310 provides:

**(Footnote continued on next page…)**

4

immunity is only waived for damages arising out of a negligent act where the common law or a statute would permit recovery if the injury were caused by a person not protected by sovereign immunity *and* the cause of action falls under one of the specifically enumerated exceptions to immunity." *Page v. City of Philadelphia*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011) (emphasis added). The

---

**(continued…)**

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

[6] Section 8521(a) of the Act states, "Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise." 42 Pa.C.S. § 8521(a). Section 8522(a), 42 Pa.C.S. § 8522(a), states:

> The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

exceptions to sovereign immunity must be strictly construed because "the clear intent of the legislature is to insulate the government from exposure to tort liability." *Clark v. Pennsylvania Department of Transportation*, 962 A.2d 692, 694 (Pa. Cmwlth. 2008).

In certain enumerated circumstances, the Act waives sovereign immunity "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa.C.S. § 8522(a). Relevant, here, are the "pothole" and "real estate" exceptions, which provide:

> **(b) Acts which may impose liability.--**The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> * * *
>
> **(4) Commonwealth real estate, highways and sidewalks.--**A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, **except conditions described in paragraph (5)**.
>
> **(5) Potholes and other dangerous conditions.--**A dangerous condition of highways under the jurisdiction of a Commonwealth agency **created by potholes or sinkholes or other similar conditions created by natural elements,** except that the claimant to recover

6

must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

42 Pa.C.S. §§ 8522(b)(4),(5) (emphases added). These exceptions "are clearly written and create a very narrow exception to the defense of sovereign immunity for damages caused by potholes." *Stevens*, 492 A.2d at 493.

By asserting that the "real estate exception" should apply, what Plaintiff is actually contending is that a naturally occurring pothole must be treated as distinct from the brick it happens to expose because, unlike that pothole, the brick is man-made. However, what that ignores is that the brick only became capable of causing Plaintiff's injury after the naturally occurring pothole exposed it. In other words, the exposed brick is "[a] dangerous condition of highways . . . **created by [a] pothole** . . . created by natural elements . . . ." 42 Pa.C.S. § 8522(b)(5). Because the purported hazard derived from a naturally occurring pothole, it falls within the ambit of 42 Pa.C.S. § 8522(b)(5). *See Lacava v. Southeastern Pennsylvania Transportation Authority*, 157 A.3d 1003 (Pa. Cmwlth. 2017) (holding, in part, that an exposed trolley track was not a dangerous condition of realty, but rather constituted a dangerous condition derived from a pothole).[7]

---

[7] In her Reply Brief, Plaintiff contends that *Lacava* is inapposite because that case involved a "purportedly dangerous condition derived from the depressed pavement, not from the rail itself[,]" whereas here, the exposed brick is a dangerous condition that was a contiguous cause of her injuries. 157 A.3d at 1015. However, the exposed track in *Lacava* was obviously a **(Footnote continued on next page…)**

Accordingly, because Plaintiff failed to demonstrate that PennDOT received actual prior written notice of the pothole or exposed brick in accordance with 42 Pa.C.S. § 8522(b)(5), we affirm the trial court's order granting PennDOT's motion for summary judgment.

_____
DAN PELLEGRINI, Senior Judge

---

**(continued…)**

contiguous cause of the injuries alleged given that the case involved a scooter driver who was injured when the wheels of his scooter struck an exposed trolley track. In any event, the exposed brick, like the exposed track in *Lacava*, constitutes "[a] dangerous condition . . . created by a pothole . . . ." 42 Pa.C.S. § 8522(b)(5).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyshun Warrington                          :
                                           :
                  v.                       : No. 359 C.D. 2017
                                           :
Commonwealth of Pennsylvania               :
and City of Philadelphia                   :
                                           :
Tyshun Warrington                          :
                                           :
                  v.                       :
                                           :
Commonwealth of Pennsylvania,              :
Department of Transportation               :
                                           :
Appeal of:  Tyshun Warrington              :


# **O R D E R**


AND NOW, this 14<u>th</u> day of <u>November</u>, 2017, it is hereby ordered that the order of the Court of Common Pleas of Philadelphia County entered on February 21, 2017, is affirmed.


_____
DAN PELLEGRINI, Senior Judge