538 A.2d 992

Susan A. Cressman, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation and L. Christine Stafford, Appellees.

Argued November 17, 1987, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*John Kocsis, Dowd and Kocsis,* for appellant.

*Stephen E. Geduldig,* Deputy Attorney General, with him, *Victor P. Stabile,* Deputy Attorney General, *Mark E. Garber, Jr.,* Chief, Office of Attorney General, for appellees.

OPINION BY JUDGE BARRY, March 10, 1988:

Appellant Susan A. Cressman appeals an order of the Court of Common Pleas of Tioga County which denied her motion to remove a compulsory nonsuit in favor of the Commonwealth's Department of Transportation (DOT).

Appellant was involved in a two car accident at approximately 7:45 A.M. on January 8, 1985. According to

testimony she gave at a pretrial deposition, Route 328, a Commonwealth highway, was snow covered as she was driving to work. Two to four inches of snow had fallen in the last seven to eight hours. When she noticed an automobile driven by additional defendant Christine Stafford approaching her from the opposite direction, appellant moved a little to the right when her front wheel hit a pothole, causing her car to slide into the path of the oncoming Stafford vehicle.

Appellant subsequently filed suit against DOT which then joined Stafford as an additional defendant. Prior to trial, the court granted partial summary judgment in DOT's favor, holding that the pothole exception to immunity contained in 42 Pa. C. S. §8522(b)(5) did not impose liability on DOT because the appellant was unable to prove that DOT had prior written notice of the pothole. After all parties agreed to proceed nonjury, DOT filed a motion in limine seeking to preclude appellant from mentioning the pothole at trial and from introducing a certain document in DOT's files. Both requests were granted.

When trial commenced, appellant testified and also called Stafford as on cross. At the conclusion of appellant's case, the trial court entered a nonsuit as to both defendants. Appellant filed a motion to remove the nonsuit which the trial court denied. This appeal followed.

Appellant first argues that written notice to DOT of the pothole was not required. Section 8522(b)(5) provides that DOT may be liable for a "dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions *created by natural elements,* except that the claimant to recover must establish . . . that the Commonwealth agency had actual written notice of the dangerous condition of the highway. . . ." (Emphasis added.) Appellant argues that this pothole was caused by heavy

truck traffic; believing such traffic is not a "natural element", appellant argues that no written notice is required. We do not agree.

We believe that potholes or sinkholes, as used in Section 8522(b)(5), are intended to encompass any such holes in the roadway caused by deterioration resulting from a combination of water, freezing and thawing and traffic. We believe the statute does not require written notice, for example, where a hole exists because of construction to the roadway. *See* 42 Pa. C. S. §8522(b)(4). Where, as here, however, the hole is caused by a combination of traffic and the natural elements, we believe the statute requires written notice. Since appellant was not able to prove DOT had such notice, the trial court's ruling in this regard was correct.

Appellant next argues that the trial court erred when it did not permit testimony about the pothole. If error at all, it was harmless. From the testimony at trial, it was clear that Stafford was not negligent in the operation of her automobile. According to appellant's testimony, including her pretrial deposition, this accident was caused by either the pothole, the snow on the roadway or a combination of those factors. Because the pothole exception to immunity was inapplicable for the reasons stated above, appellant could not prove that DOT was liable because of that pothole. Thus, the only way testimony of the pothole could have been relevant was to show that Stafford, the additional defendant, was not negligent. As the trial court found that Stafford had not been negligent, we fail to perceive how precluding testimony concerning the pothole constitutes reversible error.

Appellant finally complains that the trial court erred in preventing any reference to a DOT M-206 form. This form is filled out when someone calls DOT to complain about road conditions. In this instance, one Ronald

Keck called the local DOT office three days before the accident; whoever received the call recorded the complaint as "roads are not being taken care of this year as they have in the past. They either don't cinder at all or its to [sic] late when they do." We find no error in the trial court's ruling in this regard. Introduction of the form could prove no more than that DOT had been slow in cindering some road following a snowstorm three days prior to the snowstorm which covered the roads at the time of this accident. To have any relevance to this cause of action, appellant would have been required to prove that DOT had acted unreasonably in failing to plow Route 328 and that this failure had led to the accident. A general allegation concerning the failure to plow simply proves nothing that could show DOT was negligent in this specific instance.

Affirmed.

### ORDER

Now, March 10, 1988, the order of the Court of Common Pleas of Tioga County, dated September 16, 1986, at No. 483 C.D. 1985, is hereby affirmed.