574 A.2d 735

**F. David KETTERER, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided May 10, 1990.

Morton Gordesky, for appellant.

John F. Gehring, Deputy Atty. Gen., with him, Kate L. Mershimer, Deputy Atty. Gen., Mark E. Garber, Chief Deputy Atty. Gen., Chief, Torts Litigation, and Ernest D. Preate, Jr., Atty. Gen., for appellee.

Before BARRY and COLINS, (P.), and SMITH, JJ.

BARRY, Judge.

F. David Ketterer, appellant, appeals from an order entering summary judgment in favor of the Commonwealth of Pennsylvania, Department of Transportation (DOT). Appellant was injured when he lost control of his motorcycle on March 31, 1983, after he encountered potholes on a highway which were caused, according to his expert, by a combination of weather and traffic. Appellant was unable to prove that DOT had actual written notice of the alleged pothole defects prior to the accident as required by § 8522(b)(5) of the Judicial Code, 42 Pa.C.S. § 8522(b)(5). Appellant conceded his noncompliance with this section of the statute; however he contends that the statute is unconstitutional because it is vague, overbroad, impermissibly sweeping and imposes an improper burden on a party to prove that DOT had prior actual written notice of a roadway defect. 42 Pa.C.S. § 8522(b)(5) states the following:

> (5) *Potholes and other dangerous conditions.*—A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

Appellant contends that this provision concerning potholes is violative of appellant's constitutional rights under Article I, Section 1 of the Pennsylvania Constitution. Article I, Section 1 states as follows:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of ac-

quiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Appellant contends that the written notice which could have been sent by a person residing near the road in question could have been incorrectly addressed and arrived at the wrong division of the Commonwealth or not at all, or be accidently lost, or destroyed, or carelessly thrown away. This state of affairs places, according to appellant, an insurmountable burden upon anyone injured due to a dangerous condition created by potholes on a Commonwealth highway.

This Court has upheld the legality of Section 8522(b)(5) in the cases of *Stevens v. Department of Transportation,* 89 Pa.Commonwealth Ct. 309, 492 A.2d 490 (1985) and *Cressman v. Department of Transportation,* 114 Pa.Commonwealth Ct. 348, 538 A.2d 992 (1988), but in neither of these cases was the constitutionality of the statute directly attacked. Counsel for the appellant, in his brief, represents that he is not attempting in any way to declare the entire act concerning sovereign immunity, 42 Pa.C.S. §§ 8522–8528, unconstitutional. He also acknowledges that if the legislature had been so disposed it could have declared the Commonwealth totally immune from suit or recovery for injuries sustained on state roadways by reason of defects contained on the highways.

█ A statute is cloaked with a strong presumption of constitutionality and one who attacks it bears the burden of demonstrating that the legislation "clearly, palpably and plainly violates the constitution." *Hayes v. Erie Insurance Exchange,* 493 Pa. 150, 155, 425 A.2d 419, 421 (1981), citing *Singer v. Sheppard,* 464 Pa. 387, 393, 346 A.2d 897, 900 (1975).

Both parties in the present case cite the case of *James v. Southeastern Pennsylvania Transportation Authority,* 312 Pa.Superior Ct. 512, 459 A.2d 338 (1983), *reversed,* 505 Pa. 137, 477 A.2d 1302 (1984), in support of their respective contentions. Although appellant cites only the Superior

Court case, which was subsequently reversed by the Supreme Court, he urges this Court to use the "heightened scrutiny standard" approved by the Superior Court in *James*. That case involved the notice provision of the Metropolitan Transportation Authorities Act of 1963, P.L. 984, § 36, *formerly,* 66 P.S. § 2036, repealed by the Act of April 28, 1978, P.L. 202, § 2(a)[1371], which statute required that notice of claim be served on a transportation authority within six months of injury or accrual of the cause of action.

The Supreme Court reversed the Superior Court which sustained the constitutional challenge to the statute. Justice Flaherty first of all dismissed the claim that the notice provisions of that statute violated Article I, Section 11 of the Pennsylvania Constitution which provides:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

The court decided "inasmuch as notice was not given in this case, *a condition precedent to the Commonwealth's consent to be sued was not met* and the action was, under Article I, Section 11, properly dismissed." 505 Pa. at 143, 477 A.2d at 1305 (emphasis supplied). The court also dismissed an equal protection argument brought under Article I, Section 26 of the Pennsylvania Constitution which provides "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

The Supreme Court agreed that a heightened standard of review was proper, rather than a rational basis or strict

scrutiny standard,[1] but held that the prevention of stale and fraudulent claims is an important and legitimate governmental objective, and enabled the notice provision at issue in *James* to pass constitutional muster.

■ We similarly believe that the appellant in this case has not shown a violation of his constitutional rights under Article I, Section 1 of the Pennsylvania Constitution. We believe that there is a legitimate basis for the notice requirement under Section 8522(b)(5). The purpose of the section is to give the responsible Commonwealth agency sufficient notice of any condition which will enable it to cure the defect in question. *See also Picariello v. Commonwealth*, 54 Pa.Commonwealth Ct. 252, 421 A.2d 477 (1980).

Although it is not entirely clear on what exact basis the appellant wishes us to reverse the decision of the trial court, we are convinced that no fundamental constitutional right of the appellant has been affected by either Section 8522(b)(5) or the trial court's opinion and order.

Accordingly, we affirm the decision of the Court of Common Pleas of Philadelphia County.

## ORDER

NOW, May 10, 1990, the order of the Court of Common Pleas of Philadelphia dated May 11, 1989, at No. 4854 January Session, 1984, is hereby affirmed.

---

**1.** The dissenting opinion of Judge Wieand of the Superior Court in *James* sets forth in detail the three tests by which legislatively created classifications are measured in order to determine whether those classifications meet the "equal protection" standards.