Nicole WALTHOUR, Appellant

v.

COMMONWEALTH of Pennsylvania,
DEPARTMENT OF TRANS-
PORTATION.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 1, 2011.
Decided Nov. 17, 2011.

Jeffrey D. Monzo, Greensburg, for appellant.

Kemal Alexander Mericli, Senior Deputy Attorney General, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Nicole Walthour (Appellant) appeals from the Order of the Court of Common Pleas of Allegheny County (trial court), which granted the Motion for Summary Judgment (Motion) of the Commonwealth of Pennsylvania, Department of Transportation (the Department) and dismissed Appellant's Complaint with prejudice. Appellant now appeals to this Court, arguing that the trial court erred in granting summary judgment based on its conclusion that the written notice provided to the Department was not sufficient for the purpose of Section 8522(b)(5) of the Act commonly known as the Sovereign Immunity Act (the Act), 42 Pa.C.S. § 8522(b)(5).

In the Complaint, Appellant alleges that she suffered serious personal injuries on March 30, 2005, when the motorcycle on which she was a passenger hit a pothole on State Route 837 in the City of Duquesne, Allegheny County, Pennsylvania, and she was thrown approximately 120 feet. (Complaint ¶ 4, R.R. at 7.) Appellant further alleges that the Department had received written notice of the dangerous condition. (Complaint ¶ 7, R.R. at 8.) The Department filed an Answer and New Matter, asserting the defense of sovereign immunity, among others, and alleging that the cause of action did not fall within one of the nine exceptions found in Section 8522(b) of the Act. (Answer and New Matter ¶¶ 11, 12, R.R. at 14.) In her Reply to New Matter, Appellant denied that the cause of action did not fall within one of the exceptions to the Act and asserted that liability may be imposed under Section 8522(b). (Reply to New Matter ¶ 11, R.R. at 20.)

■ The Department filed its Motion and Brief in Support thereof, requesting that the trial court grant the Motion because Section 8522(b)(5), "governing recovery of damages caused by potholes and other dangerous conditions," requires that the Department have actual notice and that there is no evidence of actual written notice to the Department here. (Motion ¶¶ 5, 6, R.R. at 28.) The Department further stated in the Motion that Appellant might argue that a letter from State Senator Sean Logan (Senator Logan), dated June 29, 2004, and addressed to the Department (Senator Logan's Letter), "informing [it] of the condition of Route 837 located in the City of Duquesne, is adequate" notice, (Motion ¶ 6, R.R. at 28), but the Department avers that Senator Logan's Letter "does not constitute actual written notice of a pothole since it makes no reference to potholes." (Motion ¶ 7,

R.R. at 28.) Senator Logan's Letter provides:

I am writing to you concerning the condition of Route 837 located in the City of Duquesne.

It has been brought to my attention that this roadway has fallen into disrepair. It is my understanding that some patchwork has been done. However, the patchwork itself has seemingly caused more problems than it solved. The Mayor of Duquesne has contacted me expressing his concern over the potential of chipped paint or broken windshields due to loose gravel on the roadway. As you are aware [,] Route 837 [ ] is used as a primary artery of travel for the residents of Duquesne as well as commuters and motorists throughout the region.

I respectfully request that this road be evaluated and that subsequent repairs be undertaken as soon as possible.

I appreciate your time and attention to this important matter. If you have any questions or concerns regarding this letter, please do not hesitate to contact me directly.

(Senator Logan's Letter, R.R. at 36.) In reply, the Department sent a letter, dated July 16, 2004, to Senator Logan (Department's Letter), which stated as follows:

Thank you for your letter of June 29, 2004 on behalf of the City of Duquesne concerning the condition of State Route 837.

The Department would like to make major improvements to this section of roadway but has been unable to secure the necessary funding. We will certainly keep this project at the top of our priority list.

Ou[r] Maintenance Crews have been patching with materials that work best with concrete surfaces. They had street sweepers clean up the excess chips asso-

ciated with this operation. I apologize for any inconveniences that may have occurred.

If you have any further questions about this issue please contact [a certain individual] of our District Maintenance Unit at [phone number provided].

(Department's Letter, R.R. at 37.) Appellant filed an Answer to the Department's Motion, denying that there was no written notice that complied with Section 8522(b)(5) of the Act and, among other things, provided a copy of Senator Logan's Letter.

After consideration of the Motion and the parties' briefs, the trial court granted summary judgment in favor of the Department. The trial court relied upon *Cressman v. Department of Transportation*, 114 Pa.Cmwlth. 348, 538 A.2d 992 (1988), to support its view that "general allegations of road conditions are insufficient to constitute notice under the pothole exception." (Trial Court Op. at 4.) Noting that Senator Logan's Letter made no reference to potholes and did not articulate a specific section of State Route 837 that would coincide with the area where the accident occurred, the trial court concluded that the actual written notice requirement of Section 8522(b)(5) of the Act required "evidence that [the] written notice refers to the pothole in question that caused [Appellant's] accident." (Trial Court Op. at 3.)

On appeal,[1] Appellant argues that the Senator Logan's Letter and the Department's Letter in response establish that the Department had received actual written notice of the dangerous condition of the relevant section of State Route 837, thereby complying with Section 8522(b)(5), and the trial court erred when it concluded

that the written notice must refer specifically to the pothole that caused the accident in order to identify the dangerous condition of the highway.

▮ Generally, the Commonwealth enjoys sovereign immunity and is immune from lawsuits unless this immunity has been specifically waived by the Legislature. 1 Pa.C.S. § 2310. Section 8522 provides for waiver of sovereign immunity in certain circumstances, stating in relevant part:

> (b) Acts which may impose liability.— The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . . .
>
> (5) Potholes and other dangerous conditions.—A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred *and that the Commonwealth agency had actual written notice of the dangerous condition of the highway* a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

42 Pa.C.S. § 8522(b)(5) (emphasis added). Hence, Section 8522(b)(5) requires a plaintiff to prove two elements of notice: "(1)

---

**1.** This Court's standard of review over a trial court's "grant of summary judgment is whether the trial court has committed an error of law, and our scope of review is plena-

ry." *Royal v. Southeastern Pennsylvania Transportation Authority*, 10 A.3d 927, 929 n. 2 (Pa.Cmwlth.2010).

that the Commonwealth agency had actual written notice of the dangerous condition; and (2) that the actual written notice had been given sufficiently prior to the incident giving rise to plaintiffs claim so that the Commonwealth agency had a reasonable opportunity to remedy the dangerous condition." *Stevens v. Department of Transportation,* 89 Pa.Cmwlth. 309, 492 A.2d 490, 493 (1985). In the case now before us, the question is whether Senator Logan's Letter constituted actual, written notice sufficient to inform the Department of the dangerous condition on State Route 837.

Appellant argues that the trial court erred in relying upon *Cressman* to support its conclusion that the Act requires notice of the specific pothole and contends that notice of the specific pothole is not required by the statute. Appellant maintains, in accordance with *Ketterer v. Department of Transportation,* 133 Pa. Cmwlth. 92, 574 A.2d 735 (1990), and *Merling v. Department of Transportation,* 79 Pa.Cmwlth. 121, 468 A.2d 894 (1983), that actual written notice of "the dangerous condition of the highway" sufficient to put the Department on notice of the hazard under tort law principles is what the statute requires.[2] (Appellant's Br. at 10.)

Appellant argues that, "[u]nder common law principles, the *purpose* of notice is to put the potential tortfeasor on sufficient notice to recognize the hazard, thus creating a duty to correct the condition and liability for failure to do so." (Appellant's Br. at 12, citing *Ketterer,* 574 A.2d at 737 (noting that "[t]he purpose of [Section 8522(b)(5)] is to give the responsible Commonwealth agency sufficient notice of any condition which will enable it to cure the defect in question."))[3] Appellant argues that the trial court should not have relied upon *Cressman,* but rather *Merling,* a case in which the plaintiff " 'met his burden of proving notice by producing letters written by [the Department's] employees acknowledging having received written complaints concerning *the poor condition of the highway.*'" (Appellant's Br. at 10 (quoting *Merling,* 468 A.2d at 897) (emphasis in original).)

In *Merling,* an injured motorist brought suit against the Department for negligence in maintaining a portion of a state highway. The motorist was injured after he attempted to avoid a collision with a truck blocking the highway because it had become disabled after "an encounter with a pothole." *Merling,* 468 A.2d at 895. To avoid the truck, the motorist drove his

---

**2.** The issue in this appeal is not whether a dangerous condition in fact existed, but whether the Department *could be liable* for it, in any part, if a jury finds that it did exist and all other necessary elements of the cause of action and applicable law are met. Additionally, a claim under Section 8522(b)(5) is further subject to the additional limitations of Section 8522(b)(5) that "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred," that "[p]roperty damages shall not be recoverable under [Section 8522(b)(5)]" and the limitations on damages under Section 8528 of the Law. 42 Pa.C.S. §§ 8522(b)(5), 8528.

**3.** In a case involving the real estate exception to sovereign immunity where the sufficiency

of constructive notice was at issue, our Supreme Court agreed with this Court's analysis that " 'the notice that is required under the real estate exception [42 Pa.C.S. § 8522(b)(4)] is co-extensive with that required under a common law cause of action in negligence.'" *Department of Transportation v. Patton,* 546 Pa. 562, 565–66, 686 A.2d 1302, 1304 (1997) *rev'g Patton v. Department of Transportation,* 669 A.2d 1090, 1097 (Pa. Cmwlth.1996) (quoting *Patton,* 669 A.2d at 1097 (alteration in original)). The Supreme Court noted that "[a] common law action against a municipality for injury caused by a defect in a highway requires that the municipality had notice of the defect." *Id.* at 566, 686 A.2d at 1304.

vehicle onto a berm, which gave way, causing him to land in a ditch. The motorist's witness had sent a letter that *the highway in question was in "poor condition." Id.* (emphasis added). The motorist "had met his burden of proving notice [as required by Section 8522(b)(5) ] by producing letters written by [Department] employees acknowledging having received written complaints concerning the poor condition of the highway," and the Department's engineers sent letters acknowledging the receipt of the written complaint. *Id.* We noted that "the fact that [the Department] was indeed given notice was not a disputed issue after the letters from [the Department's] engineers were produced." *Id.* Therefore, in *Merling*, it appears that a general notice about the poor condition of the relevant section of a highway was considered sufficient under Section 8522(b)(5). Although the Department argues that *Merling* was not a pothole case, we note that a pothole was involved as an alleged contributing factor of the accident.[4] The case at bar is similar to *Merling* in the respect that there was a written notice of a dangerous condition of a highway which the Department acknowledged. Here, the Department's acknowledgment sent to Senator Logan stated that "[t]he Department would like to make major improvements to this section of roadway but has been unable to secure the necessary funding. We will certainly keep this project at the top of our priority list." (Department's Letter, R.R. at 37.)

Appellant further argues that the trial court erred in holding that the notice in this case is analogous to the notice in *Cressman*, 538 A.2d at 994, in which a "letter complaining that delay or failure in cindering a road after a snowfall did not give notice of a pothole." (Department's Br. at 12.) In *Cressman*, a driver was injured after sliding into an oncoming car after hitting a pothole during a two- to four-inch snowfall. *Cressman*, 538 A.2d at 993. The driver subsequently filed a claim against the Department under Section 8522(b)(5). *Id.* However, in *Cressman*, no written notice was ever provided to the Department; instead, a telephone call was placed to the Department just three days before the accident. Whoever received the telephone call transcribed the following onto a departmental form: "[R]oads are not being taken care of this year as they have [been] in the past. They either don't cinder at all or it[']s to[o] late when they do." *Id.* at 994. Thus, the issue in *Cressman* was whether the transcribed telephone call constituted actual, written notice. The trial court correctly found that it did not. In addition, this transcribed telephone call broadly referred to roads and not to a specific road. That is very different from the case at bar, where there is no question that Senator Logan's Letter constituted actual, written notice about a particular road. Therefore, *Cressman* is not applicable here, where the issue is whether the actual, written notice provided by Senator Logan's letter and acknowledged by the Department, was sufficient to give notice to the Department of the dangerous condition Appellant now alleges has caused or contributed to her injuries.

The Department argues that the notice was not sufficient because it did not identify *the specific pothole* so that the Department could have "fixed it." (Department's Br. at 12.) The Department maintains

---

4. In addition to the pothole in *Merling*, the other potential contributing factors to the accident were the unstable berm, which collapsed, and the roadside guardrails, which "were in a state of collapse." *Merling*, 468 A.2d at 895. We note that Section 8522(b)(5) is not limited to potholes, but also includes sinkholes and other dangerous conditions. 42 Pa.C.S. § 8522(b)(5).

that Senator Logan's Letter focused upon gravel, loose chips, and did not alert it to a pothole. However, there is no dispute that Senator Logan's Letter named State Route 837 in the City of Duquesne, stated that it had "fallen into disrepair," called attention to patchwork repairs "that seemingly has caused more problems than solved," and specifically requested that "this road be evaluated and subsequent repairs be undertaken as soon as possible." (Senator Logan's Letter, R.R. at 36.) We note that the Department's Letter acknowledged these conditions and stated that it intended to make major improvements to this section of roadway, that State Route 837 was "at the top of our priority list," and that its "Maintenance Crews have been patching." (Department's Letter, R.R. at 37.)

In addition to the actual, written notice in *Merling*, involving the same statutory exception to sovereign immunity as in the case at bar, our Courts have reviewed additional cases involving notice and have concluded that a defendant's awareness of dangerous conditions have often been considered sufficient to provide the requisite notice. For example, in *Fernandez v. City of Pittsburgh*, 164 Pa.Cmwlth. 662, 643 A.2d 1176, 1182 (1994), this Court concluded that a city councilman's statements from the minutes of a city council meeting, approximately two years prior to the accident when discussing the settlement of another case, that "we could have corrected this hazard real quick for a few dollars . . . with paving over the [streetcar] tracks" was properly admitted by the trial court "as evidence that *the City had notice of the dangerous condition* " of the street. (Omission in original) (emphasis added.) The statutory exception to governmental immunity involved in *Fernandez* provides that

> [l]iability may be imposed upon a local agency for a dangerous condition of a

street it owns when a plaintiff establishes that:

> [T]he dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(6)(i). In another case involving notice pursuant to a statutory exception to governmental immunity, our Supreme Court concluded that the notice requirement was met where it was undisputed that the township had an "awareness of mishaps at and complaints concerning the intersection." *Starr v. Veneziano*, 560 Pa. 650, 660, 747 A.2d 867, 873 (2000). In *Carpenter v. Pleasant*, 759 A.2d 411, 413–4 & n. 4 (Pa.Cmwlth.2000), this Court reviewed a notice provision pursuant to another statutory exception to governmental immunity involving dangerous traffic controls, Section 8542(b)(4) of the Act commonly known as the Political Subdivisions Tort Claims Act, 42 Pa.C.S. § 8542(b)(4). In that case, we stated that the plaintiff had the burden of proving that the City had the required notice of the alleged dangerous condition, the malfunctioning traffic controls, and that the reasonableness of the notice and the dangerous character of the traffic controls were elements for a jury to decide once the requisite expert testimony needed in this case had established the basis for a jury's decision. *Id.* at 417. Also, in *Wenger v. West Pennsboro Township*, 868 A.2d 638 (Pa.Cmwlth. 2005), the plaintiff alleged that there was a dangerous condition at an intersection. The trial court granted summary judgment in favor of the township after concluding that the plaintiff failed to produce

required traffic and engineering studies to support this allegation. On appeal, this Court reversed and concluded that the element of notice was met because it was undisputed that the township was aware of accidents and complaints concerning the condition of the intersection. *Id.* at 643.

"Summary judgment is properly granted where there is no genuine issue of material fact as to a necessary element of a cause of action and the moving party has established entitlement to judgment as a matter of law." *Id.* at 641. In considering summary judgment, "we must view the record in the light most favorable to the opposing party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Id.* Here, in viewing the record in the light most favorable to the opposing party, we cannot conclude that Senator Logan's Letter is insufficient notice as a matter of law. The sufficiency of the notice, in this case, is a material fact that is disputed, and will be determined after a trier of fact considers whether the Department would have been on notice of the dangerous condition alleged to have caused or contributed to Appellant's injuries upon a reasonable inspection of the section of State Route 837 to which Senator Logan's Letter refers. *See, e.g., Department of Transportation v. Patton,* 546 Pa. 562, 568, 686 A.2d 1302, 1305 (1997) (concluding, in a case involving the notice requirement for an alleged dangerous condition of a highway under Section 8522(b)(4) of the Law, that the question whether the Department had "notice of a dangerous condition and thus should have known of the defect, i.e., the defect was apparent upon reasonable inspection, is a question of fact" and that "[a]s such, it is a question for the jury, and may be decided by the court only when reasonable minds could not differ as to the conclusion.") Because this material fact is disputed, it is a question for the jury and the

trial court's grant of summary judgment was in error.

In accordance with the foregoing opinion, the Order of the trial court granting the Motion is vacated, and we remand this matter for further proceedings.

### ORDER

**NOW,** November 17, 2011, the Order of the Court of Common Pleas of Allegheny County (trial court) in the above-captioned matter is hereby **VACATED** and this matter is **REMANDED** to the trial court for further proceedings.

Jurisdiction relinquished.