# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David G. Detweiler,                   :
                    Appellant          :
                                      :
            v.                        :      No. 2027 C.D. 2015
                                      :      Argued:  March 7, 2016
Commonwealth of Pennsylvania,          :
Department of Transportation          :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER                    FILED:  March 30, 2016


            David G. Detweiler appeals from an order of the Court of Common Pleas of Monroe County that granted the amended motion for summary judgment of the Commonwealth of Pennsylvania, Department of Transportation (Department).  In this case, we consider the applicability of the pothole exception to sovereign immunity found in Section 8522(b)(5) of the Judicial Code, 42 Pa. C.S. § 8522(b)(5), and its requirement that the Commonwealth agency have actual written notice of the dangerous condition created by potholes a sufficient time before an event to have taken measures to protect against the dangerous condition. We affirm.

In his one-count negligence complaint against the Department, Detweiler alleged that he was injured in July 2009 while bicycling south on State Route (S.R.) 447, north of Canadensis, Pennsylvania, when his bicycle struck a pothole and he was thrown to the ground. February 4, 2010 Complaint, ¶¶ 5 and 6; Reproduced Record (R.R.) at 227a. Alleging that the pothole constituted a defective and/or dangerous condition, he further alleged that the Department was aware of that dangerous condition and had actual written knowledge thereof in that it "had scheduled repairs to the road two months before [his] incident but failed to make said repairs." *Id*., ¶ 8. In support of that allegation, Detweiler subsequently provided the Department's May 2009 travel advisory providing, in pertinent part, that, from May 20 to 22, 2009, it would be doing pothole patching on Creek Road in Monroe County, Price Township, between U.S. 209 and County Line. May 15, 2009 PennDOT Travel Advisory at 1-2; R.R. at 217-18a. Accordingly, he alleged that his accident and resulting injuries were the direct and proximate result of the Department's negligence and demanded judgment against it in excess of mandatory arbitration limits, exclusive of costs and interest.

Following the denial of its preliminary objections, the Department filed an answer and new matter denying any negligence and asserting the affirmative defense of sovereign immunity. In addition, it filed a motion for summary judgment, which it withdrew to enable further discovery. In relevant part, the discovery consisted of the depositions of Detweiler's fellow bicyclist and sole eyewitness Shenk and the depositions of four witnesses for the Department responsible for road maintenance work in Monroe County. Subsequently, the

2

Department filed an amended motion for summary judgment, which common pleas granted. Detweiler's timely appeal followed.[1]

Under the Sovereign Immunity Act, Commonwealth agencies are generally immune from tort liability. Section 8521(a) of the Judicial Code, 42 Pa. C.S. § 8521(a). However, in certain enumerated circumstances, the Act waives sovereign immunity as a bar to actions against the Commonwealth "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." Section 8522(a) of the Judicial Code, 42 Pa. C.S. § 8522(a). Subsection 8522(b) sets forth the specific instances in which sovereign immunity may not be raised as a defense. Relevant to the case before us is the pothole exception, which provides as follows:

> § 8522. Exceptions to sovereign immunity
>
> (b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . . .
>
> (5) Potholes and other dangerous conditions.—A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or

---

[1] The entry of summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991). It may be granted only in cases where the right is clear and free from doubt. *Id*. The moving party has the burden of establishing the nonexistence of any genuine issue of material fact. *Id*. In addition, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id*. Our review of an order granting summary judgment involves only an issue of law. Hence, our review is plenary.

3

> sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

42 Pa. C.S. § 8522(b)(5).

A plaintiff seeking to come within Section 8522(b)(5) must specifically plead and prove sufficient prior written notice to the Commonwealth of the allegedly dangerous condition of the roadway. *Stevens v. Dep't of Transp.*, 492 A.2d 490, 493 (Pa. Cmwlth. 1985). In addition, the statute requires a plaintiff to establish two elements of notice in order to fall within the exception:

> (1) that the Commonwealth agency had actual written notice of the dangerous condition; and (2) that the actual written notice had been given sufficiently prior to the incident giving rise to plaintiff's claim so that the Commonwealth agency had a reasonable opportunity to remedy the situation.

*Id.* at 493. Further, "[t]he requirements of the statute are clearly written and create a very narrow exception to the defense of sovereign immunity for damages caused by potholes." *Id.*

In the present case, Detweiler argues that common pleas erred in determining that the travel advisory was insufficient to establish that the Department had actual written notice of the dangerous condition of the roadway a sufficient time before his accident to have taken measures to protect against the dangerous condition because departmental procedures provide for some sort of written notice of the necessity for pothole repair before issuance of a travel advisory. In support of that contention, he notes that the departmental depositions

4

indicated that the work vehicles provided to the Department's assistant managers inspecting roadways were equipped with orange spray paint and that someone allegedly had circled the pothole in question with orange spray paint before his accident. In addition, he notes that there are three scenarios under which the Department schedules pothole repair work: 1) pothole repair is part of a planned paving project; 2) complaints from the public; and 3) direct observations of one of the Department's county maintenance assistant managers.[2] Focusing on the latter two scenarios and asserting that both instances require written notice of the necessity for pothole repair before scheduling such work, Detweiler argues that the Department, therefore, necessarily had actual written notification of the dangerous condition of the roadway.

In determining that the travel advisory was insufficient to establish that the Department had actual written notice of the dangerous condition of the pothole, however, common pleas determined that the advisory merely suggested that the Department had such notice, that no witness actually testified that the Department had actual written notice of the dangerous condition and that there were no written complaints to the Department or written acknowledgements from it regarding the dangerous condition. In addition, common pleas noted that the travel advisory at issue, on its face, did not cover the pothole's location. In that regard, the court observed as follows:

> The length of the roadway known as Creek Road covers more than twenty (20) miles and stretches through multiple townships. Pl.'s Br. In Opp'n to Mot. For

---

[2] Referencing the depositions of its three assistant managers responsible for systematically inspecting about a third of the roads in Monroe County, the Department acknowledges that this proposition regarding how it undertakes pothole repair work in Monroe County is generally accurate. Department's Brief at 9-10.

5

> Summ. J, Ex. B.  Also, *the location of the pothole in question is not even within the parameters mentioned in the Travel Advisory.*  For example, there is more than one road in Monroe County referred to as "Creek Road." Furthermore, the area mentioned in the Travel Advisory, from Route 209 through to the Pike County line in Price Township is not located in the stretch of road where Plaintiff had the accident.  The "Creek Road" Plaintiff claims to have had the accident is actually State Route 447, and while Route 447 runs to the Pike County line, near where Plaintiff had the accident, the Monroe County township that borders Pike County, and where the accident occurred, is Barrett Township.

Common Pleas' Opinion at 6-7 (emphasis added) (footnote omitted).  We conclude that common pleas did not err in granting the Department's amended motion for summary judgment.

As an initial matter, exceptions to immunity must be strictly construed.  *Jones v. Se. Pa. Transp. Auth.*, 772 A.2d 435, 440 (Pa. 2001).  In that regard, the alleged possibility of actual written notice does not satisfy the statute. In addition, although it is true that the sufficiency of notice of a dangerous condition is a matter of material fact for the trier of fact to determine, it is also true the court may decide the issue when it does not appear as though reasonable minds could differ as to the conclusion.  *Walthour v. Dep't of Transp.*, 31 A.3d 762, 767-68 (Pa. Cmwlth. 2011).  Here, for the aforementioned reasons, common pleas determined that "no reasonable jury could find that the contents of the Travel Advisory are sufficient to establish the element of actual written notice required to satisfy the very narrow pothole exception to the defense of sovereign immunity." Common Pleas' Opinion at 7.  We agree.

As common pleas observed, the present case was not one, for example, where there was evidence of any written complaints to the Department about the specific highway at issue and there was also no evidence that it

6

acknowledged receipt of any complaints. In contrast, in *Walthour*, 31 A.3d at 766, another pothole case, the plaintiff established that a genuine issue of material fact existed regarding notice by virtue of the Department's acknowledgement of a letter from a state senator regarding the dangerous condition of the state route at issue. In addition, in *Merling v. Department of Transportation*, 468 A.2d 894, 897 (Pa. Cmwlth. 1983), which was not strictly a pothole case but where a pothole was involved as an alleged contributing factor in the accident, the plaintiff nonetheless met his burden of proving notice by producing letters from PennDOT employees acknowledging the receipt of written complaints regarding the poor condition of the highway at issue. Both cases are distinguishable, therefore, from the instant one and Detweiler's reliance on the Department's operating procedures is insufficient to establish the requisite actual written notice.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David G. Detweiler,             :
                 Appellant    :
                       :
          v.           :    No. 2027 C.D. 2015
                       :
Commonwealth of Pennsylvania,  :
Department of Transportation    :

# **O R D E R**

AND NOW, this 30th day of March, 2016, the order of the Court of Common Pleas of Monroe County is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge