# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Peter R. Piper, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1470 C.D. 2021 |
| | : | Submitted: August 5, 2022 |
| Rochella M. Marolf, Pennsylvania | : | |
| Department of Transportation, and | : | |
| Township of Lackawaxen | : | |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER                    FILED: August 24, 2023

Peter R. Piper (Piper) appeals from the Order of the Court of Common Pleas of Pike County (common pleas) that granted the Motion for Summary Judgment (Motion) filed by the Pennsylvania Department of Transportation (DOT) and denied Piper's Cross-Motion for Summary Judgment (Cross-Motion) on Piper's Civil Complaint (Complaint) against, among others, DOT for negligence arising out of an August 24, 2013 motorcycle accident.[1]  The issue in this appeal is whether common pleas erred in concluding that:  there were no material facts in dispute over whether

---

[1] Following the grant of DOT's Motion, the matter went to a jury trial against third-party defendant Rochella M. Marolf (Marolf), and the jury found in Marolf's favor.  Although Marolf is a named appellee, she filed a notice of non-participation on June 13, 2022.  The Complaint also named the County of Pike and Township of Lackawaxen as defendants, but they were removed from the matter prior to the Motion via separate praecipe of discontinuance.  (Common pleas' Aug. 13, 2018 Mem. and Order at 1-2.)

DOT received actual written notice of the dangerous conditions of State Route 4006 (S.R. 4006); Piper could not establish that DOT received such notice; and DOT was entitled to sovereign immunity because the pothole exception to sovereign immunity set forth in Section 8522(b)(5) of the Judicial Code, 42 Pa.C.S. § 8522(b)(5),[2] was inapplicable as a matter of law.  Because there is a disputed material fact as to whether DOT received written notice of S.R. 4006's dangerous condition that must be decided by a jury, common pleas erred in granting DOT's Motion, and we vacate and remand for further proceedings.

## I.    BACKGROUND

On August 24, 2013, at around 6:30 p.m., Piper was driving his motorcycle in the westbound lane of S.R. 4006 in the Township of Lackawaxen (Township) in the County of Pike (County), and Rochella M. Marolf (Marolf) was driving her SUV in the opposite direction, partially in the westbound lane.  (Complaint ¶¶ 6-7.)  Piper

---

[2] Section 8522(b)(5) provides:

**(b) Acts which may impose liability.--**The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

**(5) Potholes and other dangerous conditions.--**A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition.  Property damages shall not be recoverable under this paragraph.

42 Pa.C.S. § 8522(b)(5).

2

alleged that S.R. 4006's westbound lane "was in a generally deteriorating condition, so that more than one-half (1/2) of the west[]bound lane was cracked and falling apart." (*Id.* ¶ 8.) The road's condition caused Piper to move to the center line of the lane as he entered a turn. (*Id.* ¶ 9.) Because Marolf's vehicle was partially in the same lane, Piper "turned his motorcycle so as to set it down on its side causing it and him to collide with [] Marolf's vehicle." (*Id.* ¶ 10.) As a result, Piper sustained numerous severe and permanent injuries, including a fractured neck. (*Id.* ¶ 17.)

On August 22, 2014, Piper filed the Complaint[3] against Marolf, DOT, Township, and County, asserting negligence claims against each. Relevant here, Piper averred that DOT owned and maintained S.R. 4006, and "prior to the above accident, written notice of the deteriorating condition of S[.R.] 4006 in the area of the accident was made to . . . [DOT]." (*Id.* ¶¶ 11, 14.) Piper alleged that DOT "was negligent for failure to repair S[.R.] 4006 . . . in that:" "[i]t allowed a dangerous defect to exist on S.R. 4006 after written notice of the danger[; and i]t allowed S.R. 4006 in the area of the accident to deteriorate and crumple after written notice of the deterioration and crumpling." (*Id.* ¶ 20.) Specifically, Piper maintained that DOT "had received written notice of the dangerous deterioration of S.R. 4006 and failed to make necessary repairs" and, "[a]s a direct and proximate result . . . , [Piper] suffered serious bodily injur[ies,] including a fractured neck[,] which are permanent and total causing damages including past, present and future medical expenses, lost wages, pain, suffering and other attendant damage[s]." (*Id.* ¶¶ 21-22.)

---

[3] The Complaint is Item 1 of the Original Record and is found at pages 16a-27a of the Reproduced Record.

3

DOT filed an Answer and New Matter,[4] in which it denied the allegations, particularly that it was negligent in maintaining S.R. 4006, and demanded strict proof as to its receiving notice of the alleged deficient condition of S.R. 4006. (DOT Answer and New Matter ¶¶ 20-21.) DOT asserted sovereign immunity as an affirmative defense to the negligence claims brought by Piper, which would not fall within a strict construction of the exceptions set forth in Section 8522(b). (*Id.* ¶ 36.)

Discovery ensued, and various depositions were taken, including those of: Dennis Giordano, the Assistant District Executive for Maintenance for the DOT district that includes County, (Reproduced Record (R.R.) at 37a-86a); Kenneth L. Thiele, DOT's Maintenance Manager for County, (*id.* at 89a-122a); and Richard Krochta, a Township supervisor and former Township roadmaster, (*id.* at 179a-87a). DOT responded to Piper's interrogatories and document requests, including answering "none" to the request for records of oral or written complaints about the condition of S.R. 4006. (*Id.* at 130a-32a.) Additionally, Piper obtained meeting minutes from monthly Road Task Force (Task Force) meetings, which were attended by municipal roadmasters, supervisors, and DOT employees, including Giordano and Thiele. DOT received the Task Force's meeting minutes. Piper also obtained from DOT photographs of the section of S.R. 4006 at issue taken on June 18, 2013, two months before the accident. (*Id.* at 195a-98a.)

Following discovery, the Motion and Cross-Motion were filed. DOT asserted it was entitled to judgment as a matter of law because Piper failed to produce evidence of DOT's receipt of actual written notice of S.R. 4006's road condition, which was required for Piper to invoke the pothole exception to sovereign immunity under Section 8522(b)(5). DOT contended that "[w]hile it is true the issue of notice

_____

[4] DOT's Answer and New Matter is Item 14 of the Original Record and is found at pages 29a-35a of the Reproduced Record.

4

is usually considered a question of fact for the jury, [Piper] herein has offered no evidence at all that [DOT] had actual written notice of the condition at the situs of [Piper]'s accident." (DOT's Brief (Br.) in Support of Motion at 5-6, R.R. at 164a-65a.) When no evidence of actual written notice is of record, DOT argued, there is "'no basis for [a] jury to conclude that [the plaintiff's] claim [falls] within the 'pothole' exception to sovereign immunity.'" (*Id.* at 6 (quoting *Lacava v. Se. Pa. Transp. Auth.*, 157 A.3d 1003, 1016 (Pa. Cmwlth. 2017)), R.R. at 165a.) As there was "no dispute over a material fact related to notice," DOT maintained it was entitled to sovereign immunity and Piper's claims against it failed as a matter law. (*Id.*)

Piper responded, pointing to evidence obtained during discovery that, in his view, raised a factual question as to whether DOT had received the notice required for Piper to proceed under the pothole exception. Piper cited, among other evidence: Krochta's deposition testimony that he sent a letter to DOT regarding S.R. 4006's condition; the Task Force's meeting minutes, which Giordano and Thiele acknowledged DOT received; Giordano's and Thiele's acknowledgment that numerous complaints were raised about S.R. 4006 at the Task Force meetings, which were reduced in writing in those minutes; DOT photographs depicting S.R. 4006 upon which there was writing regarding the location and notations regarding the road's condition; and a letter from County Commissioners to the Executive Secretary (Executive Secretary) of the Pennsylvania State Transportation Commission (Commission) outlining projects and needed improvements to S.R. 4006. (Piper's Answer to the Motion ¶¶ 23-24, R.R. at 337a-40a.) This evidence, Piper asserted, "demonstrated . . . that . . . DOT in fact received [the] statutory required notice on numerous occasions, that such notice preceded the accident and

5

that []DOT had ample opportunity to remedy the dangerous existing condition and failed to do so." (*Id.* ¶ 24, R.R. at 339a.) Therefore, Piper contended there were genuine issues of material fact at issue, which precluded granting the Motion.

Piper sought summary judgment on his own part because, he argued, the undisputed evidence reflected "that the 'base failure' deterioration of [S.R. 4006] was [the] caus[e] in this accident," S.R. 4006 was in a dangerous condition, DOT had notice thereof, and DOT had a reasonable opportunity to resolve the condition but failed to do so. (*Id.* ¶¶ 31-32, R.R. at 340a.) In its response, DOT denied the allegations of notice and observed that no letter from Krochta was found in its records and Krochta did not produce the supposed letter he sent to DOT. (DOT's Answer to the Cross-Motion ¶ 32, R.R. at 358a.)

Upon its review of the Motion, Cross-Motion, the parties' briefs, and oral argument, common pleas granted DOT's Motion and denied Piper's Cross-Motion. Common pleas explained "[t]he [p]othole [e]xception places the burden of proving actual written notice squarely upon the claimant." (Common pleas' Aug. 13, 2018 Mem. and Order (Mem. and Order) at 4 (citing *Stevens v. Dep't of Transp.*, 492 A.2d 490, 493 (Pa. Cmwlth. 1985)).) If "there is insufficient evidence in the record to establish that [the] agency received actual written notice," common pleas held, "there is no basis for a jury to conclude that a claim falls within the [p]othole [exception] to sovereign immunity." (*Id.* (citing *Lacava*, 157 A.3d at 1016).) Common pleas examined some of the evidence Piper cited in opposition to the Motion – the Task Force meeting minutes, Krochta's testimony regarding the letter about S.R. 4006 he sent to DOT, and the County Commissioners' letter to the Executive Secretary – and found them all to be insufficient to provide actual written notice to DOT. (*Id.* at 4-6.) In doing so, common pleas reviewed the evidence,

6

compared it to other evidence in the record, and held it was "not persuaded" that Piper's cited evidence could establish that DOT received actual written notice of the deteriorating condition of S.R. 4006. (*Id.*)

With respect to the Task Force meeting minutes, common pleas acknowledged that the meeting minutes were provided to DOT, but, citing Giordano's and Thiele's deposition testimonies, observed that these "meetings served as a forum for road complaints in general, including but not limited to complaints regarding [S.R.] 4006" and that Thiele testified that most complaints were made informally and would not be in the meeting minutes. (*Id.* at 4-5.) Therefore, common pleas could not "find that the Task Force meeting minutes provide[d] actual written notice of the dangerous condition." (*Id.* at 5.) As for Krochta's letter to Giordano, common pleas was "not persuaded that such letter exists" because, notwithstanding Krochta's testimony that he sent such a letter, "Giordano testified that he never received a letter from [] Krochta" and "no such letter has been produced for examination by the [c]ourt" even though there had been ample time to discover the letter. (*Id.* at 5-6.) Finally, common pleas disagreed that County Commissioners' letter gave DOT actual written notice of S.R. 4006's condition because it was not addressed to DOT, but to the Commission. (*Id.* at 6.) Even if it had been sent to DOT, common pleas found that the letter "lack[ed] sufficient specificity to qualify as actual written notice of the dangerous condition with sufficient time in which to effect repairs." (*Id.*) Concluding that Piper "failed to meet his burden of proving that [DOT] received actual written notice of the dangerous condition with sufficient time in which to effect repairs, . . . [common pleas] f[ound] that there [was] no genuine issue of material fact regarding the

7

sovereign immunity of [DOT]," and, therefore, granted summary judgment in favor of DOT and denied it as to Piper. (*Id.* at 7.)

Following entry of final judgment in the trial, which proceeded against Marolf, Piper filed the instant appeal challenging common pleas' grant of summary judgment to DOT.

## II. PARTIES' ARGUMENTS

On appeal, Piper raises the following issue:

> Whether [common pleas] committed an error of law in [the] application of the facts, in that, [a] genuine issue of material fact exists that [DOT] received written notice of the dangerous condition of [S.R.] 4006 in sufficient time prior to the August 24[], 2013 collision to have corrected the dangerous condition pursuant to [Section 8522(b)(5) of the Judicial Code,] 42 Pa.C.S.[] §8522(b)(5).

(Piper's Br. at 2-3.) Citing the evidence he proffered to common pleas in opposition to Motion, Piper essentially argues common pleas failed to apply the proper standard for reviewing the record in considering a motion for summary judgment because it did not resolve "all doubts as to whether or not a genuine issue of material fact exists as to whether or not [DOT] received written notice of the dangerous condition of [S.R.] 4006" against DOT. (*Id.* at 8.) Piper contends that to defeat DOT's Motion, he "need[ed] only to demonstrate that a genuine issue of material fact that [DOT] received written notice exist[ed]." (*Id.*) According to Piper, Krochta's letter and testimony as to complaints Krochta made regarding S.R. 4006's condition during Task Force meetings, the Task Force meeting minutes and related testimony regarding repeated complaints made about the condition of S.R. 4006 during those meetings, DOT's own photographs of its road survey performed on June 18, 2013, two months before the accident, which identified in writing the section of S.R. 4006

8

surveyed and other statistics, and County Commissioners' letter to Executive Secretary identifying S.R. 4006 as needing "serious and immediate attention" that had been attached to Task Force meeting minutes, raised genuine issues of material fact regarding whether DOT received the requisite notice. (*Id.* at 8-12 (citing R.R. at 182a-86a, 195a-98a, 225a-27a, 234a-36a, 263a-67a, 281a-82a, 348a-50a).) Piper asserts that County Commissioners' letter is similar to the letter found to be sufficient to defeat summary judgment in *Walthour v. Department of Transportation*, 31 A.3d 762 (Pa. Cmwlth. 2011). Piper further points to Thiele's testimony that he received complaints about S.R. 4006, both following the Task Force meetings and otherwise, but did not record those complaints in writing. (*Id.* at 10-11 (citing R.R. at 265a-66a, 281a-82a).)

DOT argues common pleas correctly held DOT is immune from Piper's claim of negligence because Piper has not established that DOT received actual written notice of S.R. 4006's dangerous condition and, therefore, could not invoke the pothole exception to sovereign immunity. According to DOT, Piper failed to come forward with any evidence that DOT received actual written notice, and, consequently, there was no dispute of material fact and the issue of notice was not required to be presented to the jury pursuant to *Lacava*. (DOT's Br. at 12-13.)

## III.  DISCUSSION

When reviewing common pleas' decision to grant summary judgment,

> this Court's standard of review is *de novo* and our scope of review is plenary. [Common pleas] should grant summary judgment only in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden to demonstrate the absence of any issue of material fact, and [common pleas] must evaluate all the facts and make reasonable inferences in a **light most favorable to the non-moving**

9

**party**.  [Common pleas] is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and "may grant summary judgment only where the right to such judgment is clear and free from doubt. . . . ."  An appellate court may reverse a grant of summary judgment only if [common pleas] erred in its application of the law or abused its discretion.

*Bourgeois v. Snow Time, Inc.*, 242 A.3d 637, 649-50 (Pa. 2020) (internal citations omitted and emphasis added).

We have described the sovereign immunity the Commonwealth enjoys, and the waiver of that immunity, as follows.

Generally, the Commonwealth enjoys sovereign immunity and is immune from lawsuits unless this immunity has been specifically waived by the Legislature.  1 Pa.C.S. § 2310.  Section 8522 provides for waiver of sovereign immunity in certain circumstances, stating in relevant part:

(b) Acts which may impose liability.--The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(5) Potholes and other dangerous conditions.--A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred **and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition**.  Property damages shall not be recoverable under this paragraph.

42 Pa.C.S. § 8522(b)(5) (emphasis added).  Hence, Section 8522(b)(5) requires a plaintiff to prove two elements of notice:  "(1) that the Commonwealth agency had actual written notice of the dangerous

condition; and (2) that the actual written notice had been given sufficiently prior to the incident giving rise to [the] plaintiff['']s claim so that the Commonwealth agency had a reasonable opportunity to remedy the dangerous condition." *Stevens* . . . , . . . 492 A.2d [at] . . . 493 . . . .

*Walthour*, 31 A.3d at 764-65 (first alteration and emphasis in the original). "[A] general notice about the poor condition of the relevant section of a highway [can be] sufficient under Section 8522(b)(5)," but a "transcribed telephone call [that] broadly refer[s] to roads and not to a specific road" is not. *Id.* at 766 (citing *Cressman v. Dep't of Transp.*, 538 A.2d 992 (Pa. Cmwlth. 1988); *Merling v. Dep't of Transp.*, 468 A.2d 894 (Pa. Cmwlth. 1983)). *But see Texeira v. Commonwealth*, 284 A.3d 1279, 1284-85 (Pa. Cmwlth. 2022) (holding customer telephone calls to DOT's call center complaining about a specific area of a highway, which were transcribed and sent to DOT office in relevant area, established a disputed question of fact regarding whether DOT had actual written notice).

In *Walthour*, the evidence relied upon by the plaintiff to invoke the pothole exception was a letter from a state senator to DOT indicating that "the condition of Route 837 located in the City of Duquesne . . . ha[d] fallen into disrepair," observing the patchwork intended to solve the issue was causing more problems, and requesting that DOT evaluate and repair the road as soon as possible. 31 A.3d at 763. Although it responded to the senator's letter, stating it wanted to make major improvements to the roadway in question but could not secure the requisite funding, DOT subsequently argued in support of a claim of sovereign immunity that this letter was not actual written notice that complied with Section 8522(b)(5) because it did not reference a particular section of the road or pothole. The trial court agreed, granting summary judgment in DOT's favor. In reversing, we applied the above standards regarding notice and when summary judgment can be granted, and held

11

that, viewing the record in the light most favorable to the non-moving party, we could not "conclude that [the senator's l]etter [was] insufficient notice as a matter of law." *Id.* at 768. We concluded, "[t]he sufficiency of the notice, in this case, is a material fact that is disputed," and must "be determined after a trier of fact considers whether [DOT] would have been on notice of the dangerous condition alleged to have caused or contributed to [the a]ppellant's injuries upon a reasonable inspection of the section of State Route 837 to which [the senator's l]etter refer[red]." *Id.* As there was a material fact in dispute that had to be resolved by a jury, it was error to grant summary judgment, and we vacated the order and remanded for further proceedings.

Reviewing the record in the light most favorable to Piper, as we must, *Bourgeois*, 242 A.3d at 649-50, we cannot conclude, as common pleas did, that **all** of the evidence Piper cites is insufficient as a matter of law. Giordano, Thiele, and Krochta all testified that the condition of S.R. 4006 in the County was an ongoing topic of discussion/complaint at Task Force meetings, such discussions/complaints would be included in the **written** meeting minutes, and those **written** minutes were provided to DOT. (R.R. at 182a, 184a-86a, 224a, 226a-27a, 234a-35a, 263a, 265a.) Although common pleas was not **persuaded** that these meeting minutes were sufficient notice, (Memorandum and Order at 5), "[t]he sufficiency of the notice . . . is a material fact that is disputed" and must be decided by a jury, *Walthour*, 31 A.3d at 768.

Further, Krochta testified that he sent a letter to DOT complaining of S.R. 4006's condition, and Giordano testified he had no knowledge of receiving a letter and that no letter was found in DOT's records, which were kept for "four to five years." (R.R. at 185a, 236a.) Thus, there is a conflict in the evidence on this topic.

12

In granting summary judgment to DOT, common pleas **resolved this conflict in DOT's favor**, notwithstanding that it acknowledged that, if sent, the letter "would provide actual written notice in accord with the [p]othole [e]xception." (Mem. and Order at 5.) However, "court[s] should **not** attempt to resolve conflicting contentions of fact or conflicting inferences which might be drawn from the facts" in resolving motions for summary judgment. *Edwards v. Dep't of Transp.*, 546 A.2d 1291, 1295 (Pa. Cmwlth. 1988) (emphasis added).

County Commissioners' letter to Executive Secretary, while not sent directly to DOT like the state senator's letter in *Walthour*, was attached to Task Force meeting minutes, which Giordano and Thiele acknowledge DOT receives. (R.R. at 348a-50a.) This letter specifically references 9.6 miles of S.R. 4006 in the County, and that it, along with other roads, is "in need of serious and immediate attention." (*Id.* at 350a.) Although common pleas concluded the letter was not specific enough to provide sufficient notice, "[t]he sufficiency of the notice . . . is a material fact that is disputed" and must be decided by a jury, *Walthour*, 31 A.3d at 768.

As the record here contains evidence that creates a disputed material fact as to whether DOT had actual written notice of S.R. 4006's dangerous condition, this matter is distinguishable from *Lacava*. In that case, notice of a dangerous condition was given to the City of Philadelphia (City), which did not forward the notice to the Southeastern Pennsylvania Transportation Authority (SEPTA), the Commonwealth agency being sued for negligence. *Lacava*, 157 A.3d at 1016. Instead, the City responded to the complaint and performed the repair without notifying SEPTA. *Id.* Because the was **no evidence** that **SEPTA** received actual written notice of the asserted dangerous condition, we held "there was no basis for the jury to conclude

13

that [the negligence] claim fell within the 'pothole' exception to sovereign immunity." *Id.*

We reached a similar result in *Texeira* wherein we reversed the grant of summary judgment to DOT that had been based on the lack of actual written notice and insufficient specificity of the notice provided. 284 A.3d at 1287. In *Texeira*, we held the plaintiff had established the existence of a disputed material fact as to DOT having actual written notice where notes from DOT's call center reflected at least one of the complaints referenced the specific part of Interstate 80 where an accident occurred and were sent to DOT's office in the relevant county, and that such complaints were not insufficiently specific as a matter of law even though they did not specify the exact pothole at issue. *Id.* at 1284-86. Consistent with our holding in this matter, we explained "it should be for the trier of fact to reconcile [the] evidence," and, therefore, the grant of summary judgment based on sovereign immunity was in error. *Id.* at 1287.

## IV. CONCLUSION

Viewing the evidence presented in this matter in the light most favorable to Piper, genuine issues of material fact exist as to whether DOT had the notice required by Section 8522(b)(5). In granting DOT summary judgment, common pleas erred by not viewing the evidence in the light most favorable to Piper. Accordingly, we vacate common pleas' Order granting DOT's Motion and remand for further proceedings.

_____
**RENÉE COHN JUBELIRER,** President Judge

14

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Peter R. Piper,     :
     Appellant  :
         :
    v.     :  No. 1470 C.D. 2021
         :
Rochella M. Marolf, Pennsylvania :
Department of Transportation, and :
Township of Lackawaxen   :

# O R D E R

**NOW**, August 24, 2023, the Order of the Court of Common Pleas of Pike County granting the Pennsylvania Department of Transportation's Motion for Summary Judgment is **VACATED**, and this matter is **REMANDED** for further proceedings.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** President Judge